**MEMO ENDORSED**

# YUEN ROCCANOVA SELTZER & SVERD P.C.
## Attorneys at Law

JOSEPH T. ROCCANOVA
STEVEN SELTZER
PETER E. SVERD
--------------------
JACOB E. LEWIN ✧

*Of Counsel:*
PO W. YUEN
VERONICA YUEN

✧*also admitted in NJ*

132 Nassau Street
Suite 1300
New York, N.Y. 10038
Phone:    (212) 608-1178
Facsimile: (212) 608-2913

LONG ISLAND OFFICE
149 Main Street
Huntington, N.Y. 11743
Phone:    (631) 239-5297
Facsimile: (631) 421-4483

October 12, 2012

**VIA EMAIL:** ALCarterNYSDChambers@nysd.uscourts.gov

Hon. Andrew L. Carter, Jr.
United States District Judge
Daniel Patrick Moynihan United States District Courthouse
500 Pearl Street, Room 725
New York, New York 10009

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _10 -18-12_

     *Re:    Alto Lending, LLC v. Altobridge Limited, et al.*
             *Case No.: 12-CV-0391 (ALC)*

Your Honor:

     We represent the plaintiff in the above-referenced action.  We submit this letter response to the letter request submitted by defendants Altobridge Limited and Altobridge Corporation for a pre-motion conference for a motion to dismiss.

     Plaintiff's twenty-eight (28) page complete sufficiently alleges eight (8) causes of action upon which relief can be granted.  Plaintiff has adequately alleged a fiduciary duty claim, as the complaint sufficiently alleges the existence of a joint venture.  The parties' term sheets are not dispositive as to the creation or existence of the venture and a formal contract or writing is not required under the law to establish a joint venture.  The complaint amply alleges actions by the parties that demonstrate the venture's existence.  Additionally, assuming that the Altobridge defendants' prospective motion will be made pursuant to Fed. R. Civ. P. 12(b)(6), documents extrinsic to the complaint, such as the term sheets, may not be considered because defendants have not made a showing that they are integral to the complaint.

     With regard to the fraud claim, the term sheets do not contain specific merger clauses sufficient to defeat such a claim.  Further, the term sheets do not clearly state that the joint venture is conditioned upon execution of a formal contract (if the term sheets can be considered on this motion, which has not been established) and plaintiff accordingly has pleaded reasonable reliance upon the defendants' oral assurances.  Plaintiff has likewise complied with Rule 9(b) in pleading the circumstances surrounding fraud with particularity

Hon. Andrew L. Carter, Hr.
October 12, 2012
Page 2 of 2

and notes that the Rule permits general averment of a person's state of mind. Further, any alleged pleading defects with respect to the fraud claim and personal jurisdiction can be rectified through amendment in accordance with Your Honor's Individual Practices without prejudice to defendants.

Plaintiff has additionally plead satisfactory facts to support its claims for quantum meruit, unjust enrichment and promissory estoppel. Defendants' contention that these claims are implausible is neither legally nor factually valid and, in any event, is not material on an anticipated motion to dismiss at the pleading stage.

Your Honor's most favorable consideration herein is greatly appreciated.

Respectfully Submitted,

Steven Seltzer (SS 9023)


Cc:   Andrew T. Solomon, Esq. (via email at ASolomon@sandw.com)
      *Attorneys for Defendants*
      *Altobridge Limited and Altobridge Corporation*

      Adam H. Offenhartz, Esq. (via email at AOffenhartz@gibsoundunn.com)
      *Attorney for Defendants*
      *Intel Corporation*

A pre-motion conference is scheduled for 10/22/12 at 11:00 a.m. So Ordered.

10-18-12