**MEMO ENDORSED**

# GIBSON DUNN



30

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Adam H. Offenhartz
Direct: +1 212.351.3808
Fax: +1 212.351.5272
AOffenhartz@gibsondunn.com

October 30, 2012

VIA EMAIL: ALCarterNYSDChambers@nysd.uscourts.gov

The Honorable Andrew L. Carter, Jr.
United States District Judge
Daniel Patrick Moynihan United States Court House
500 Pearl Street, Room 725
New York, New York 10009

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11-15-12
```

Re: *Alto Lending LLC v. Altobridge Corporation, Altobridge Limited, and Intel Corporation*, No 12-cv-7391 (ALC)(DCF)

Dear Judge Carter:

This firm represents Defendant Intel Corporation ("Intel") in this action brought by Plaintiff Alto Lending LLC against Intel and co-defendants Altobridge Corporation and Altobridge Limited (the "Altobridge Defendants"). Intel respectfully requests a pre-motion conference to address Intel's anticipated motion to dismiss the claims brought against it pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). Intel is aware of Altobridge's letter dated October 9th, joins in the Altobridge Defendants' arguments,[1] and further respectfully requests that the Court permit Intel to join the pre-motion conference already scheduled for the Altobridge Defendants' anticipated motion to dismiss on December 14, 2012.

Plaintiff asserts two claims against Intel—claims for fraudulent misrepresentation (Count 3) and tortious interference with business opportunity/business relations (Count 8)—and also seeks punitive damages. Each claim can and should be dismissed at the pleading stage.

Plaintiff's claim for fraudulent misrepresentation warrants dismissal because Plaintiff's conclusory allegations and bare recitals of the elements of that claim fall woefully short of meeting basic pleading requirements—much less the heightened factual allegations required for claims that sound in fraud.[2] For example, Plaintiff's complaint does not—because it cannot—identify any misrepresentation made by Intel to Plaintiff. *See, e.g., Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009) (failure to identify misrepresentation

---

[1] Despite Plaintiff's protestations otherwise in its letter dated October 12th, the Term Sheets on which its complaint inextricably relies and extensively references are properly considered by the Court on a motion to dismiss as they are "integral" to the complaint. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

[2] To the extent a tortious interference claim is tied to purported fraudulent misrepresentations, it must also meet Rule 9(b)'s heightened pleading requirements. *Wolff v. Rare Medium, Inc.*, 210 F. Supp. 2d 490, 499 (S.D.N.Y. 2002) (applying Rule 9(b) to tortious interference claim premised on fraudulent misrepresentation and dismissing complaint), *aff'd*, 65 F. App'x 736 (2d Cir. 2003).

# GIBSON DUNN

Hon. Andrew L. Carter, Jr.
October 30, 2012
Page 2

is fatal to claim on a motion to dismiss). In fact, the complaint nowhere identifies *any communication at all* between Intel and Plaintiff, let alone the specific statement, the identity of the speaker or the details—the where and when of such statements—were made. Such flawed pleadings, of course, do not even begin to approach the detailed factual allegations that the Second Circuit has read Federal Rule of Civil Procedure 9(b) to require. This failure warrants dismissal at the pleading stage.[3]

Even if Plaintiff could identify with any specificity any misrepresentations made by either Intel or the Altobridge Defendants—which it cannot—Plaintiff's claim still fails because it cannot identify any justifiable reliance nor does it adequately plead scienter. Plaintiff describes itself in its complaint as a sophisticated business entity, purportedly capable of developing and executing complex business plans and raising substantial capital. Compl. ¶ 16. Plaintiff's own allegations belie its conclusory claims of reliance on preliminary, highly conditional agreements it drafted. *See, e.g., Allison v. Round Table Inv. Mgmt. Co., LP*, 447 F. App'x 274, 276 (2d Cir. 2012) ("where a sophisticated party has been put on notice of the existence of material facts which have not been documented and he nevertheless proceeds with a transaction without securing the available documentation or inserting appropriate language in the agreement for his protection, his reliance cannot be said to be reasonable.") (internal quotations and citations omitted). Nor does Plaintiff's complaint allege scienter on the part of any of the Defendants, let alone Intel, at the time any representations were made. *See Pope v. N.Y. Prop. Ins. Underwriting Ass'n*, 66 N.Y.2d 857, 859, 489 N.E.2d 247 (1985) ("A complaint alleging fraud based on a statement of future intention must allege facts sufficient to show that the promisor, at the time the representation was made, never intended to honor the promise.").[4]

Plaintiff's claim for tortious interference for business opportunity/business relationships[5] is likewise flawed. A key element of such a claim, a high hurdle for any plaintiff to meet, is

---

[3] A claim for fraudulent misrepresentation must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent. *Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004).

[4] Plaintiff's claims of non-performance do not suffice to plead scienter. *See LaRoss Partners, LLC v. Contact 911 Inc.*, 11-CV-1980 ADS ARL, 2012 WL 2856099, at *14 (E.D.N.Y. July 10, 2012) ("promise of future performance under a contract . . . is insufficient to allege fraud").

[5] Tortious interference with business relations "is also called tortious interference with business advantage, business relations, and prospective business advantage . . . [and] the elements of each are the same." *Discover Grp., Inc. v. Lexmark Int'l, Inc.*, 333 F. Supp. 2d 78, 86 (E.D.N.Y. 2004) (citing *PPX Enters., Inc. v. Audifidelity Enters., Inc.*, 818 F.2d 266, 269 (2d Cir. 1987)). "To prevail on . . . a claim [of tortious interference with business relations], a plaintiff must prove (1) it had a business relationship with a third party; (2) the defendant knew of that relationship and intentionally interfered with it; (3) the defendant acted solely out of malice, or used dishonest, unfair, or improper means; and (4) the defendant's interference caused injury to the relationship." *Carvel Corp. v. Noonan*, 350 F.3d 6, 17 (2d Cir. 2003).

# GIBSON DUNN

Hon. Andrew L. Carter, Jr.
October 30, 2012
Page 3

that the "defendant's conduct[, Intel here,] amount[s] to a crime or an independent tort" or that defendant engaged in its conduct "for the sole purpose of inflicting intentional harm on plaintiffs." *Carvel Corp v. Noonan*, 3 N.Y.3d 182, 190, 818 N.E.2d 1100 (2004). The requisite malice is negated by evidence demonstrating that the defendant's action was prompted by economic self-interest. *See Kargo, Inc. v. Pegaso PCS, S.A. de C. V.*, No. 05 Civ. 10528, 2008 WL 2930546, at *10 (S.D.N.Y. July 29, 2008) (tortious interference with prospective business relations claim subject to "economic interest defense" if defendant acted to protect its own legal or financial stake in breaching party's business). Plaintiff's own pleading makes plain that it cannot clear this high hurdle. Plaintiff contends that Intel interfered in the Altobridge deal, because Intel was concerned that an exclusive license would impact Altobridge's resale value. Compl. ¶¶ 29, 114. Under New York law, such an exercise of self-interested action defeats a claim for tortious interference. *See, e.g., Multivideo Labs, Inc. v. Intel Corp.*, 99 Civ. 3908 (DLC), 2000 WL 12122 (S.D.N.Y. Jan. 7, 2000) ("An intent to promote one's own competing economic interests is considered a legitimate motive under New York's tortious interference law."). "The presence of a legitimate motive," such as that cited by Plaintiff, "even coupled with an intent to harm, defeats a tortious interference claim." *Id.* (citing *Protic v. Dengler*, 46 F. Supp. 2d 277, 279 (S.D.N.Y. 1999), *aff'd*, 205 F.3d 1324 (2d Cir. 1999)).

Plaintiff's claim for punitive damages should also be dismissed, as its complaint lists no grounds on which Plaintiff could conceivably recover such exemplary damages. New York courts have strictly limited punitive awards to the most reprehensible instances of wrongdoing; they are only awarded in cases involving gross, wanton or willful fraud, or other morally culpable conduct equivalent to criminal wrongdoing. *Ross v. Louise Wise Serv., Inc.*, 8 N.Y.3d 478, 489, 868 N.E.2d 189 (2007). In addition, where plaintiff's claims arise from commercial relationships, plaintiff must not only demonstrate "egregious" wrongdoing, but must also show that the alleged wrongdoing directed at plaintiff is "part of a pattern directed at the public generally." *New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 316, 662 N.E.2d 763, 767 (1995). Here, Plaintiff's complaint does not, because it cannot, identify any egregious behavior approaching that of criminal wrongdoing. Nor does Plaintiff's complaint even attempt to allege that any of the Defendants' actions were part of a pattern of behavior directed at the public generally; to the contrary, all Plaintiff's allegations stem solely from negotiations related to one potential *private* transaction.

In sum, Plaintiff can neither point to any representations made by Intel to Plaintiff, nor identify any wrongful interference by Intel. Moreover, Plaintiff has not plead any activity that would warrant punitive damages against any of the Defendants let alone against Intel. Plaintiff's claims against Intel warrant swift dismissal. Intel respectfully requests to join the Altobridge Defendants' scheduled pre-motion conference on December 14, 2012, which would make efficient use of judicial resources by avoiding duplicative proceedings.

# GIBSON DUNN

Hon. Andrew L. Carter, Jr.
October 30, 2012
Page 4

Respectfully submitted,

*Adam H. Offenhartz*
Adam H. Offenhartz

The application is ✓ granted.
___ denied.

*Andrew L. Carter Jr, U.S.D.J.*
Dated: 11-15-12
NY, New York

cc: Steven Seltzer, Esq.
Jacob Lewin, Esq.
Counsel for Plaintiff Alto Lending LLC (via email)

Andrew T. Solomon, Esq.
Natalie S. Lederman, Esq.
Counsel for Defendants Altobridge Corporation and Altobridge Limited (via email)

101385532.6