Andrew T. Solomon
Natalie S. Lederman
SULLIVAN & WORCESTER LLP
1633 Broadway, 32nd Floor
New York, NY 10019
(212) 660-3000

*Attorneys for Defendants Altobridge Limited
and Altobridge Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ALTO LENDING, LLC,

                     Plaintiff,

           -against-

ALTOBRIDGE LIMITED, ALTOBRIDGE
CORPORATION and INTEL CORPORATION,

                    Defendants.
-----------------------------------------------------------------x

Case No.: 1:12-cv-07391-ALC

**DECLARATION OF
ANDREW T. SOLOMON**

ANDREW T. SOLOMON, pursuant to 28 U.S.C. § 1746, declares:

1. I am a partner with the law firm of Sullivan & Worcester LLP, counsel to Altobridge Limited and Altobridge Corporation (together, "Altobridge"). I make this declaration based on my personal knowledge, in support of the motion to dismiss filed by Altobridge.

2. Attached as Exhibit A is a true and correct copy of a letter submitted by Altobridge to this Court on October 9, 2012 (the "October 9, 2012 Letter") requesting a pre-motion conference in contemplation of a motion to dismiss plaintiff's complaint.

3. Attached as Exhibit B is a true and correct copy of a letter submitted by Plaintiff to this Court on October 12, 2012 in response to Altobridge's October 9, 2012 Letter.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
      February 21, 2013                        /s/    Andrew T. Solomon
                                                       Andrew T. Solomon

**EXHIBIT A**



Sullivan & Worcester LLP
1633 Broadway
New York, NY 10019

T 212 660 3000
F 212 660 3001
www.sandw.com

Direct line: 212 660 3023
asolomon@sandw.com

October 9, 2012

By Email: ALCarterNYSDChambers@nysd.uscourts.gov

Hon. Andrew L. Carter, Jr.
United States District Judge
Daniel Patrick Moynihan United States Court House
500 Pearl Street, Room 725
New York, NY 10009

Re:   Alto Lending, LLC  v. Altobridge Limited, et al., 12-cv-0391 (ALC)

Dear Judge Carter:

We represent defendants Altobridge Limited and Altobridge Corporation. Our clients removed this action from state court on October 2, 2012. We are writing to you about two issues: (1) to confirm the deadline for the defendants to move or answer and (2) to request a pre-motion conference for a motion to dismiss.

The Deadline

While the case was in state court, on September 6, 2012, the parties to this action (plaintiff, our clients, and defendant Intel Corporation) executed a stipulation in which defendants agreed to accept service of the summons and complaint (and waive any defenses based on service of process) and plaintiff agreed to extend the deadline for defendants to answer, move or otherwise respond to the complaint to October 30, 2012. Subsequently, on October 2, 2012, the Altobridge defendants timely removed this action from state court.

When a case is removed, Fed. R. Civ. P. 81(c) sets the deadline for the defendants to answer when they did not previously answer in state court. The rule does not, however, address the situation where the parties stipulated in state court to extend the deadline beyond the dates contemplated under Rule 81(c). Absent the stipulation, today would technically be the deadline for defendants to respond to the complaint. So, out of an abundance of caution, we attach a copy of the executed stipulation confirming the agreed-upon extension. We assume, but do not know for sure, that it is still effective.

Request for Pre-Motion Conference

As to the Altobridge defendants, the effectiveness of the prior stipulation is an academic point, because the filing of this letter requesting a pre-motion conference for a motion to dismiss

BOSTON   NEW YORK   WASHINGTON, DC

Hon. Andrew L. Carter, Jr.
October 9, 2012
Page 2

stays the time to move or answer. (Local Civil Rule 37.2). Our basis for the anticipated motion is set forth below.

This action arises out of a failed joint venture transaction, memorialized in two "non-binding" "proposed" term sheets, which could only have become effective upon execution of "a final definitive agreement." Plaintiff Alto Lending LLC is not so bold as to sue for breach of the term sheets, which are, on their face, unenforceable "agreements to agree" under clearly-established New York law. Plaintiff instead tries to circumvent this roadblock by framing its case in tort law (e.g., breach of fiduciary duty, fraud) and quasi contract. But this is a failed gambit.

*First*, plaintiff's claim for breach of fiduciary duty fails, because the predicate for the duty is the joint venture that the parties never consummated and could not consummate absent signed, definitive documentation, as per the proposed term sheets. *See, e.g., Prospect St. Ventures I, LLC v. Eclipsys Solutions Corp.*, 23 A.D.3d 213, 213, 804 N.Y.S.2d 301, 301 (1st Dep't 2005) (declining to enforce a "letter agreement" expressly entitled "proposed" and conditioned on "execution of definitive agreement satisfactory in form and substance" to the parties); *Naturopathic Labs. Intl., Inc. v. SSL Ams., Inc.*, 18 A.D.3d 404, 405, 795 N.Y.S.2d 580, 580 (1st Dep't 2005) (no contract because communications provided "that the execution and delivery of an agreement would be essential to the existence of a valid and binding contract"). *See Fallon v. McKeon*, 230 A.D.2d 629, 629, 646 N.Y.S.2d 109, 109 (1st Dep't 1996); *Rosenshein v. Rose*, No. 602869/06, 2008 WL 2676798, *5 (Sup. Ct. N.Y. County July 7, 2008) (Fried, J.). For the same reason, plaintiff is not entitled to an accounting. *Rosenshein v. Rose*, No. 602869/06, 2008 WL 2676798, *5 (Sup. Ct. N.Y. County July 7, 2008) (Fried, J.).

*Second*, plaintiff cannot plead—and has not pleaded—fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. The complaint offers no facts showing scienter, only fraud by hindsight, which is not enough. *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1129 (2d Cir. 1994). Further, plaintiff cannot plausibly claim to have reasonably relied on oral assurances where the term sheets are clear that the parties could only be bound to the joint venture by executing formal contracts. *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007).

*Third*, for reasons also related to reliance, plaintiff cannot plausibly claim that any effort it invested or supposed benefits it conferred in anticipation of the proposed joint venture entitle it to compensation. All such efforts were made at plaintiff's own risk in the hope of finalizing a deal that never materialized. As such, plaintiff's claims for quantum meruit, unjust enrichment and promissory estoppel all fail to state a plausible cause of action. *Metropolitan Steel Indus. v. Citnalta Constr. Corp.*, 302 A.D.2d 233, 233, 754 N.Y.S.2d 278, 278 (1st Dep't 2003); *Cohen v. Lehman Bros. Bank, FSB*, No. 02 Civ. 1577(LAP), 273 F. Supp. 2d 524, 530 (S.D.N.Y. 2003).

*Fourth*, and wholly independent of the merits, plaintiff has failed to plead facts establishing personal jurisdiction over either Altobridge defendant.

Hon. Andrew L. Carter, Jr.
October 9, 2012
Page 3

    It is based on these arguments that defendants Altobridge Limited and Altobridge Corporation respectfully request a pre-motion conference in connection with a proposed motion to dismiss.

                                        Respectfully yours,

                                        Andrew T. Solomon

cc:  Steven Seltzer, Esq., attorney for plaintiff Alto Lending LLC (by email)
      Adam H. Offenhartz, Esq., attorney for defendant Intel Corporation (by email)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------ X

ALTO LENDING, LLC,

           Plaintiff,

   - against -

ALTOBRIDGE LIMITED, ALTOBRIDGE
CORPORATION, and INTEL CORPORATION,

           Defendants.
------------------------------------------------------------ X

Index No. 652601/12

**STIPULATION**

    IT IS HEREBY STIPULATED AND AGREED, by and between the parties, through their undersigned counsel, that Altobridge Limited, Altobridge Corporation, and Intel Corporation (collectively "Defendants") acknowledge service of the Summons and Complaint in this action, and waive any defense based on improper service of process. In doing so, Defendants expressly preserve and do not waive any other defenses that they have in this action, including, but not limited to, a defense based on lack of personal jurisdiction.

    IT IS FURTHER STIPULATED AND AGREED that Defendants shall answer, move or otherwise respond to plaintiff's Summons and Complaint no later than October 30, 2012.

    IT IS FURTHER STIPULATED AND AGREED that nothing set forth herein shall preclude plaintiff from serving process upon Altobridge Limited pursuant to the requirements of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention service"). In the event that Hague Convention service is effected upon Altobridge Limited in this action, such service shall not extend Altobridge Limited's deadline to answer, move or respond to plaintiff's Summons and Complaint beyond October 30, 2012.

{N0320402; 4}

This Stipulation may be filed with facsimile signature and without notice.

Dated: New York, New York
September 6, 2012

SULLIVAN & WORCESTER LLP

By: _____
Andrew T. Solomon
Natalie S. Lederman
1633 Broadway, 32nd Floor
New York, New York 10019
(212) 660-3000

*Counsel for Altobridge Limited and Altobridge Corporation*

Dated: New York, New York
September ___, 2012

GIBSON, DUNN & CRUTCHER LLP

By: _____
Adam H. Offenhartz
David J. Kerstein
200 Park Avenue
New York, New York 10166
(212) 351-3808

*Counsel for Intel Corporation*

Dated: New York, New York
September ___, 2012

YUEN ROCCANOVA SELTZER & SVERD P.C.

By: _____
Steven Seltzer
132 Nassau St., Suite 1300
New York, New York 10038
(212) 608-1178

*Counsel for Alto Lending, LLC*

{N0320402; 4}

This Stipulation may be filed with facsimile signature and without notice.

Dated: New York, New York
September __, 2012

SULLIVAN & WORCESTER LLP

By:_____
Andrew T. Solomon
Natalie S. Lederman
1633 Broadway, 32nd Floor
New York, New York 10019
(212) 660-3000

*Counsel for Altobridge Limited and Altobridge Corporation*

Dated: New York, New York
September 6, 2012

GIBSON, DUNN & CRUTCHER LLP

By: _____
Adam H. Offenhartz
David J. Kerstein
200 Park Avenue
New York, New York 10166
(212) 351-3808

*Counsel for Intel Corporation*

Dated: New York, New York
September __, 2012

YUEN ROCCANOVA SELTZER & SVERD P.C.

By:_____
Steven Seltzer
132 Nassau St., Suite 1300
New York, New York 10038
(212) 608-1178

*Counsel for Alto Lending, LLC*

{N0320402; 4}

This Stipulation may be filed with facsimile signature and without notice.

Dated: New York, New York
      September __, 2012

SULLIVAN & WORCESTER LLP

By:_____
Andrew T. Solomon
Natalie S. Lederman
1633 Broadway, 32nd Floor
New York, New York 10019
(212) 660-3000

*Counsel for Altobridge Limited and Altobridge Corporation*

Dated: New York, New York
      September __, 2012

GIBSON, DUNN & CRUTCHER LLP

By:_____
Adam H. Offenhartz
David J. Kerstein
200 Park Avenue
New York, New York 10166
(212) 351-3808

*Counsel for Intel Corporation*

Dated: New York, New York
      September 6, 2012

YUEN ROCCANOVA SELTZER & SVERD P.C.

By: /s/ Steven Seltzer
Steven Seltzer
132 Nassau St., Suite 1300
New York, New York 10038
(212) 608-1178

*Counsel for Alto Lending, LLC*

{N0320402; 4}

**EXHIBIT B**

# YUEN ROCCANOVA SELTZER & SVERD P.C.
## Attorneys at Law

JOSEPH T. ROCCANOVA
STEVEN SELTZER
PETER E. SVERD
--------------------
JACOB E. LEWIN ✧

*Of Counsel:*
PO W. YUEN
VERONICA YUEN

✧ *also admitted in NJ*

132 Nassau Street
Suite 1300
New York, N.Y. 10038
Phone:   (212) 608-1178
Facsimile: (212) 608-2913

LONG ISLAND OFFICE
149 Main Street
Huntington, N.Y. 11743
Phone:   (631) 239-5297
Facsimile: (631) 421-4483

October 12, 2012

**VIA EMAIL:** ALCarterNYSDChambers@nysd.uscourts.gov

Hon. Andrew L. Carter, Jr.
United States District Judge
Daniel Patrick Moynihan United States District Courthouse
500 Pearl Street, Room 725
New York, New York 10009

      Re:    *Alto Lending, LLC v. Altobridge Limited, et al.*
              *Case No.: 12-CV-0391 (ALC)*

Your Honor:

      We represent the plaintiff in the above-referenced action. We submit this letter response to the letter request submitted by defendants Altobridge Limited and Altobridge Corporation for a pre-motion conference for a motion to dismiss.

      Plaintiff's twenty-eight (28) page complete sufficiently alleges eight (8) causes of action upon which relief can be granted. Plaintiff has adequately alleged a fiduciary duty claim, as the complaint sufficiently alleges the existence of a joint venture. The parties' term sheets are not dispositive as to the creation or existence of the venture and a formal contract or writing is not required under the law to establish a joint venture. The complaint amply alleges actions by the parties that demonstrate the venture's existence. Additionally, assuming that the Altobridge defendants' prospective motion will be made pursuant to Fed. R. Civ. P. 12(b)(6), documents extrinsic to the complaint, such as the term sheets, may not be considered because defendants have not made a showing that they are integral to the complaint.

      With regard to the fraud claim, the term sheets do not contain specific merger clauses sufficient to defeat such a claim. Further, the term sheets do not clearly state that the joint venture is conditioned upon execution of a formal contract (if the term sheets can be considered on this motion, which has not been established) and plaintiff accordingly has pleaded reasonable reliance upon the defendants' oral assurances. Plaintiff has likewise complied with Rule 9(b) in pleading the circumstances surrounding fraud with particularity

Hon. Andrew L. Carter, Hr.
October 12, 2012
Page 2 of 2

and notes that the Rule permits general averment of a person's state of mind. Further, any alleged pleading defects with respect to the fraud claim and personal jurisdiction can be rectified through amendment in accordance with Your Honor's Individual Practices without prejudice to defendants.

Plaintiff has additionally plead satisfactory facts to support its claims for quantum meruit, unjust enrichment and promissory estoppel. Defendants' contention that these claims are implausible is neither legally nor factually valid and, in any event, is not material on an anticipated motion to dismiss at the pleading stage.

Your Honor's most favorable consideration herein is greatly appreciated.

Respectfully Submitted,

Steven Seltzer (SS 9023)


Cc: Andrew T. Solomon, Esq. (via email at ASolomon@sandw.com)
*Attorneys for Defendants*
*Altobridge Limited and Altobridge Corporation*

Adam H. Offenhartz, Esq. (via email at AOffenhartz@gibsoundunn.com)
*Attorney for Defendants*
*Intel Corporation*