UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
:
ALTO LENDING, LLC, :
:
:
Plaintiff, :
: Case No.: 12-cv-7391 (ALC) (DCF)
-against- :
:
ALTOBRIDGE LIMITED, ALTOBRIDGE :
CORPORATION and INTEL CORPORATION, : **ORAL ARGUMENT REQUESTED**
:
Defendants. :
:
-------------------------------------------------------------x

**ALTOBRIDGE LIMITED AND ALTOBRIDGE CORPORATION'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION FOR REARGUMENT OR RECONSIDERATION
OF THE COURT'S AUGUST 16, 2013 ORDER**

SULLIVAN & WORCESTER LLP
Andrew T. Solomon
1633 Broadway, 32nd Floor
New York, NY 10019
Telephone: (212) 660-3000
Facsimile: (212) 660-3001

*Attorneys for Defendants Altobridge Limited
and Altobridge Corporation*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

A.  Introduction ..................................................................................................................1

B.  Statement of the Case ...................................................................................................2

C.  The Court Should Reconsider Its Denial Of Altobridge's Motion To Dismiss .............3

    1.  Standards on a Motion To Reconsider ..................................................................3

    2.  The Cases Cited By The Court For Denying Altobridge's Motion For Alleged Non-Compliance With Local Rule 7 All Involved Substantive, Not Technical, Defects. .....................................................................................................................4

    3.  Altobridge Was Permitted to Refer to the Amended Complaint Without Attaching It ..............................................................................................................6

    4.  Altobridge Included the Amended Complaint In Its Motion By Joining In The Motion By Intel ........................................................................................................8

    5.  Under Rule 1, The Court Erred In Interpreting The Local Rule In A Manner That Avoided Consideration Of A Meritorious Motion To Dismiss ......................8

    6.  Altobridge's Decision To Not Attach The FAC Was In The Interest of Judicial Economy And To Avoid Waste, Not To Obtain A Procedural Advantage ...........10

D.  Conclusion ..................................................................................................................10

## TABLE OF AUTHORITIES

Cases

*Ashley Meadows Farm, Inc. v. American Horse Shows Ass'n, Inc.*,
  624 F. Supp. 856 (S.D.N.Y. 1985) ....................................................................................... 8

*Bogdan v. Stolt-Nielsen S.A.*,
  No. 01 Civ. 1910 (SJ), 2005 WL 755764 (E.D.N.Y. Mar. 29, 2005) ........................................ 9

*Boxer v. Smith, Kline & French Labs.*,
  43 F.R.D. 25 (S.D.N.Y. 1967) ............................................................................................... 8

*Broad v. DKP Corp.*,
  1998 WL 516113 (S.D.N.Y. Aug. 19, 1998) ........................................................................... 5

*Cortec Indus., Inc. v. Sum Holding L.P.*,
  949 F.2d 42 (2d Cir. 1991) .................................................................................................... 6

*DDR Const. Services, Inc. v. Siemens Indus., Inc.*,
  No. 09 Civ. 9605 (ALC), 2012 WL 4711677 (S.D.N.Y. Sept. 26, 2012) ......................... 3-4, 10

*Des Isles v. Evans*,
  225 F.2d 235 (5th Cir. 1955) ................................................................................................. 8

*East 65 St. Realty Corp. v. Rinzler*,
  No. 98 Civ. 6655 (RCC), 2000 WL 303279 (S.D.N.Y. March 22, 2000) ............................... 5

*Ello v. Singh*,
  No. 05 Civ. 9625 (KMK), 2006 WL 2270871 (S.D.N.Y. Aug. 7, 2006) ................................. 9

*Foman v. Davis*,
  371 U.S. 178 (1962) ............................................................................................................... 9

*Georgia Power Project v. Georgia Power Co.*,
  409 F. Supp. 332 (N.D. Ga. 1975) ..................................................................................... 8-9

*Hargreaves v. Roxy Theatre*,
  1 F.R.D. 537 (S.D.N.Y. 1940) ............................................................................................... 8

*Hawes v. Club Ecuestre El Comandante*,
  535 F.2d 140 (1st Cir. 1976) .................................................................................................. 8

*Herbert v. Lando*,
  441 U.S. 153 (1979) ............................................................................................................... 8

*JS Barkats, PLLC v. BE, Inc.*,
  12 Civ. 6779 (JFK), 2013 WL 444919 (S.D.N.Y. Feb. 6, 2013) ......................................... 4, 5

*Krause v. Buffalo and Erie Cnty Co. Workforce Dev. Consortium, Inc.*,
   425 F. Supp. 2d 68, aff'd, 425 F. Supp. 2d 352 (W.D.N.Y. 2005)............................................ 8

*McDermott v. Liberty Mar. Corp.*,
   No. 08-CV-1503 (KAM) (ALC), 2011 WL 2650200 (E.D.N.Y. July 6, 2011) ......................... 3

*McCormick v. Wood*,
   156 F. Supp. 483 (S.D.N.Y. 1957) ........................................................................................... 9

*Meriwether v. Coughlin*,
   879 F.2d 1037 (2d Cir. 1989).................................................................................................... 7

*Metellus v. Jetblue Airways Corp.*,
   No. 07 Civ. 4719 (CBA), 2010 WL 1267777 (E.D.N.Y. Mar. 30, 2010) ................................. 9

*Morser v. AT & T Info. Sys.*,
   715 F. Supp. 516 (S.D.N.Y. 1989) ........................................................................................... 4

*State of N.Y. v. Lambs of Christ*,
   No. 94 Civ. 4845 (RJW), 1997 WL 23187 (S.D.N.Y. Jan. 21, 1997) ....................................... 9

*Toner v. United Broth. of Carpenters*,
   1999 WL 178784 (S.D.N.Y. Mar. 31, 1999) ............................................................................ 5

*Wims v. New York City Police Dep't*,
   No. 10 Civ. 6128 (PKC), 2011 WL 2946369 (S.D.N.Y. July 20, 2011) ................................... 9

Rules

Fed. R. Civ. P. 1............................................................................................................... 1, 2, 8, 10

Fed. R. Civ. P. 10(c) ............................................................................................................. 1, 6, 7

Fed. R. Civ. P. 12(b)(6)................................................................................................................. 2

Fed. R. Civ. P. 83 Advisory Committee's Note.......................................................................... 10

Fed. R. Civ. P. 83(a)(1)................................................................................................................. 7

Fed. R. Civ. P. 83(a)(2)............................................................................................................... 10

Local Civil Rule 6.3............................................................................................................. 1, 3, 4

Local Civil Rule 7.1........................................................................................................... *passim*

SDNY Electronic Case Filing Rules & Instructions Part 1, Section 2 ......................................... 7

Other Authorities

Steven Baicker-McKee, William M. Janssen, John B. Corr,
    *Federal Civil Rules Handbook* (West 2013) .............................................................................. 7

Michael J. Silberberg, Edward M. Spiro, Judith L. Mogul,
    *Civil Practice in the Southern District of New York* (West 2012) ............................................. 7

A. **Introduction**

In a Memorandum and Order dated August 16, 2013 (the "Order"), this Court denied the motion of defendants Altobridge Limited and Altobridge Corporation (together "Altobridge") to dismiss solely because Altobridge did not annex a copy of the First Amended Complaint ("FAC") to its motion papers. Although the Court had the FAC and, in fact, cited to it twenty times in its decision, the Court concluded that this omission violated Local Civil Rule 7.1(a)(3) and, in and of itself, warranted the most severe sanction available: denial of Altobridge's motion. Respectfully, the Court erred.

Accordingly, Altobridge seeks reconsideration or reargument of the Order pursuant to Local Civil Rule 6.3 on the following grounds:

(1) The decisional authorities on which the Court relies are inapposite: they concern a substantive omission, the failure to provide a memorandum of points and authorities. Moreover, at least one other Judge in this District has held that Local Civil Rule 7.1(a) does not require a litigant to submit documents with a motion that have already been provided to the Court by other parties.

(2) The Court may have overlooked Fed. R. Civ. P. 10(c), which expressly authorizes a party to adopt "by reference" in a motion any prior statement in a pleading.

(3) The Court may have overlooked the fact that Altobridge expressly joined the contemporaneously filed motion to dismiss of defendant Intel. Intel's motion papers contained a copy of the FAC.

(4) In declining to address the merits of Altobridge's motion, the Court may have overlooked Fed. R. Civ. P. 1, which mandates that the rules be construed and administered "to secure the just, speedy, and inexpensive determination of every action and proceeding." These ends are not served by denying a potentially

dispositive motion on grounds other than the merits.[1] Moreover, Rule 1 embodies the liberal approach underlying the Federal Rules of Civil Procedure, which favors matters being determined on their merits, not on technicalities. Denying for the stated ground is inconsistent with the mandate of Rule 1.

(5) Altobridge obtained no procedural advantage by not attaching the FAC to its motion papers and no party was prejudiced. Rather, Altobridge omitted that pleading because its counsel did not believe such a requirement existed and to avoid duplication and waste. Indeed, the Court had already received four copies of the FAC: first as filed in the docket, second as provided by Plaintiff in opposition to the motion to dismiss; third as provided by Plaintiff in an amended declaration; and fourth as provided by co-defendant Intel in its reply on the motion to dismiss (which Altobridge joined).

B. **Statement of the Case**

Plaintiff began this action in June 2012, by filing a verified complaint in the Supreme Court of the State of New York, New York County. On October 1, 2012, Altobridge timely removed this action to this Court. After the parties exchanged pre-motion letters, plaintiff e-filed the FAC with the Court on January 22, 2013. (Dkt. No. 11).

On February 21, 2013, Altobridge filed its Notice of Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). (Dkt. No. 13). Therein, Altobridge identified the documents on which its motion was based, including a memorandum of law, a declaration of counsel, and *all prior pleadings*, which necessarily included the FAC (the *only* relevant prior pleading). In its Memorandum of Law (Dkt. No. 14), Altobridge expressly joined the "motion to dismiss

---

[1] At a minimum, a resolution on the merits would have likely narrowed the issues for discovery and trial.

contemporaneously filed by defendant Intel Corporation…" (*id.* at p. 1, n.1).  (Intel's motion was filed on the same day (Dkt. Nos. 26-28)).  And in footnote 3 (Dkt. No. 14 at p. 2), Altobridge noted that it assumed the truth of all "well pleaded facts in the Amended Complaint," as is required on such a motion.

In opposing Altobridge's motion, plaintiff provided the Court with two copies of the FAC.  It attached a copy as Exhibit A to the March 22, 2013 Declaration of Steven Seltzer  (Dkt. No. 23), and submitted an additional copy as Exhibit A to the April 5, 2013 Amended Declaration of Steven Seltzer.  (Dkt. No. 26).

The Court was provided with still another copy of the FAC, its fourth, when Intel submitted the FAC with its reply papers (in which Altobridge joined).  See Exhibit 4 to the Supplemental Declaration of Adam Offenhartz in Further Support of Defendant Intel Corporation's Motion to Dismiss Plaintiff's Amended Complaint.  (Dkt. No. 30).

On August 16, 2013, the Court entered the Order denying Altobridge's motion to dismiss, but granting Intel's motion.  In reciting the facts in its decision, the Court analyzed and cited specific paragraphs of the FAC over twenty times.  Yet, in denying Altobridge's request for dismissal, the Court provided but a single reason:  Altobridge's failure to append a further, separate copy of the FAC to its motion papers.

### C. The Court Should Reconsider Its Denial Of Altobridge's Motion To Dismiss

#### 1. Standards on a Motion To Reconsider

Altobridge moves for reargument or reconsideration under Local Civil Rule 6.3.

This Court has recently noted the requirements for a successful reconsideration application. *McDermott v. Liberty Mar. Corp.*, No. 08-CV-1503 (KAM)(ALC), 2011 WL 2650200 (E.D.N.Y. July 6, 2011) (Carter, M.J.).  For a movant to succeed, it "must present 'matters or controlling decisions the court overlooked that might materially have influenced its

3

earlier decision.'" *DDR Const. Services, Inc. v. Siemens Indus., Inc.*, No. 09 Civ. 9605 (ALC)(JLC), 2012 WL 4711677 at *1 (S.D.N.Y. Sept. 26, 2012) (quoting *Morser v. AT & T Info. Sys.*, 715 F.Supp. 516, 517 (S.D.N.Y. 1989)).[2]

### 2. The Cases Cited By The Court For Denying Altobridge's Motion For Alleged Non-Compliance With Local Rule 7 All Involved Substantive, Not Technical, Defects

Though we read the Court's holding to be based on the text of Rule 7.1(a)(3)[3], our research has uncovered no decision in this Circuit where a District Court has required parties to submit papers with a motion that the Court already possessed, much less one in which the court relied on such an omission as the sole basis for denying a motion to dismiss. Indeed the Order is contrary to a recent decision by another Judge in this District. In *JS Barkats, PLLC v. BE, Inc.*, 12 Civ. 6779 (JFK), 2013 WL 444919 (S.D.N.Y. Feb. 6, 2013), Judge Keenan held as follows:

> Plaintiff's first ground for striking the motion is without merit. Local Rule 7.1(a) sets forth the papers that must accompany a party's motion: it requires supporting affidavits "containing any factual information and portions of the record necessary for the decision of the motion." Local Rule 7.1. While submitting an affirmation along with a memorandum in support of one's motion is good practice, *if the Court already has all the factual information necessary to decide the motion, it is not a requirement. Here, Defendants' memorandum in support of its motion and its reply memorandum cite only facts that have been sworn to in Plaintiff's affirmation. Thus, the record before the Court is complete and Local Rule 7.1 is satisfied.*

*Id.* at * 2 (emphasis added).

---

[2] Ironically, in *DDR* the Court excused the movant's failure to comply with Local Rule 6.3 in considering an untimely motion to reconsider. *Id.* at *2.

[3] Rule 7.1(a)(3) mandates that "all motions shall include … [s]upporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion." Nothing in that rule is specific to pleadings that are already in the Court's electronic docket. Nor does the rule preclude incorporation by reference of papers filed by other parties. The reconsideration rules preclude declarations on this motion, but the undersigned has been practicing in this Court for 17 years and has never provided copies of the complaint on a motion to dismiss in federal court, only in state court. The undersigned's working assumption has been that the Court already had access to documents in its own docket and did not want or need copies.

This Court does not mention *JS Barkats*, but cites other cases, which, respectfully, are inapposite: they all involved motions in which the defects substantively affected a court's ability to decide a given motion. Indeed, all three decisions involved a moving party's failure to serve or file a memorandum of law.

In *East 65 St. Realty Corp. v. Rinzler*, No. 98 Civ. 6655 (RCC), 2000 WL 303279 (S.D.N.Y. Mar. 22, 2000), the plaintiff failed to file a memorandum of points and authorities in connection with its motion, which, as the court explained, was no mere technical defect:

> This "effectively places on the court the burden of conducting the initial legal analysis that is properly the responsibility of [Plaintiff's] counsel."

*Id* at *3.

Similarly, in *Toner v. United Bhd. of Carpenters*, 1999 WL 178784 (S.D.N.Y. March 31, 1999), the defect was substantive:

> As a preliminary matter, this Court has the authority to deny a motion that is not filed in accordance with Local Rule 7.1. Devine has failed to serve and file a memorandum of law setting forth the points and authorities relied upon in support of the motion. Devine's motion and accompanying submissions contain only vague and conclusory legal statements, and fail to notify the opposing party of the legal bases for the motion. *Mermelstein v. Maki*, 830 F.Supp. 184 (S.D.N.Y. 1993). The effect of Devine's failure to observe the Rule is to "unfair[ly] and unreasonabl[y] shift the burden of articulating [Devine's] arguments to the party opposing the motion or to the court." *Sadowski v. Technical Career Institutes, Inc.*, 1995 WL 236725, *1, n. 1 (S.D.N.Y., Apr 24, 1995) (*quoting Morrison v. Blitz*, 1992 WL 75088 (S.D.N.Y. 1992)); *Rotblut v. 300 East 74th Street Owners Corp.*, 1997 WL 16063 (S.D.N.Y. Jan.16, 1997). Accordingly, the Court denies Devine's motion for failure to comply with Local Rule 7.1. *See United States v. LaMorte*, 940 F.Supp. 572 (S.D.N.Y. 1996).

Id. at *1 (footnote omitted).

The same defect occurred in *Broad v. DKP Corp.*, 1998 WL 516113 (S.D.N.Y. Aug. 19, 1998), where the plaintiff failed to provide a memorandum of law. There, however, the granting

5

of the motion to dismiss was on other grounds. The court noted only in dicta that it could dismiss for failure to submit the memorandum, but did not. *Id.* at *3 n. 2.

The situation here is not analogous. Altobridge filed substantive opening and reply memoranda of points and authorities and provided the Court with substantive affidavits, which set out all facts and exhibits not already before the Court. The ostensible "defect" concerned the omission of a pleading that was (1) on file with this Court as an original document (2) already part of the record of the pending motion, having been submitted twice by the plaintiff and once again by the other defendant; and (3) fully considered by the Court, at least in the context of the parallel motion of Intel. Put another way, none of the Court's decisional authorities concerned the failure to attach an exhibit of any sort, much less a copy of a pleading submitted three times by other parties in connection with the relevant motion.

Moreover, after extensive research Altobridge is unable to find a single case in this circuit in which a motion of any kind was denied for failure to append a docketed pleading. Respectfully, we have concluded that there is no apposite authority for denying a motion to dismiss based on the identified omission.

### 3. Altobridge Was Permitted to Refer to the Amended Complaint Without Attaching It

In construing Local Rule 7.1(a)(3) to require Altobridge to submit a further copy of the FAC, the Court may have overlooked Fed. R. Civ. P. 10(c), which provides:

> A statement in a pleading may be adopted by reference elsewhere in the same pleading or *in any other pleading or motion.* (emphasis added)

Thus, on a motion to dismiss, a court takes the complaint into account whether or not it is attached. *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) (cited by Intel in its Reply at page 4, n. 4).

6

To the extent that a Local Rule and the Federal Rules conflict, the former yields to the latter. *See* Fed. R. Civ. P. 83(a)(1); *Meriwether v. Coughlin*, 879 F.2d 1037, 1042 (2d Cir. 1989). It was thus an error to interpret Local Civil Rule 7.1 to limit the rights accorded by Rule 10(c) of the Federal Rules of Civil Procedure.

The Court's construction of the Local Civil Rule is also inconsistent with common federal court practice. The Federal Civil Rules Handbook, for instance, includes the following guidance:

> A party may adopt documents or pleadings (in whole or part) by reference so long as the adopted document or pleading is expressly named. Generally, this practice is limited to documents and pleadings that are already before the court.

Steven Baicker-McKee, William M. Janssen, John B. Corr, *Federal Civil Rules Handbook* at 380 (West 2013). Indeed, under the SDNY's CM/ECF rules, a party is entitled to presume that an e-filed document is available to the Court, except as provided by the Court's individual practices. *See* SDNY Electronic Case Filing Rules & Instructions (Revised August 1, 2013) Part 1, Section 3 ("electronic filing of a document in the ECF system … constitutes filing of the document for all purposes…. When a document has been filed electronically, the official record is the electronic recording of the document as stored by the Court …").

Nor is the Court's muscular interpretation of Local Civil Rule 7.1 supported by the respected treatise, Michael J. Silberberg, Edward M. Spiro, Judith L. Mogul, *Civil Practice in the Southern District of New York* (West 2012). The discussion regarding the rule's requirements pertains exclusively to the perils of omitting memoranda of law, not attaching docketed pleadings to the supporting declarations. *See id.* at §§ 11.3-4. And even there, the treatise suggests leniency by the Courts, noting that "judges in the Southern District have been hesitant to deny a motion based on the movant's failure to file a memorandum of law." *Id.* at § 11.4.

7

4. **Altobridge Included the Amended Complaint In Its Motion By Joining In The Motion By Intel**

A motion for reargument should be granted where a party can show that the court failed to consider "factual matters that were put before the court on the underlying motion." *Ashley Meadows Farm, Inc. v. American Horse Shows Ass'n, Inc.*, 624 F. Supp. 856, 857 (S.D.N.Y. 1985). In finding that Altobridge failed to attach the FAC to its motion papers, the Court may have overlooked the fact that Altobridge expressly joined the motion to dismiss by co-defendant Intel, which did attach the FAC with its motion papers. *See, generally*, *Krause v. Buffalo and Erie Cnty Co. Workforce Dev. Consortium, Inc.*, 425 F. Supp. 2d 68, aff'd, 425 F. Supp. 2d 352 (W.D.N.Y. 2005).

5. **Under Rule 1, The Court Erred In Interpreting The Local Rule In A Manner That Avoided Consideration Of A Meritorious Motion To Dismiss**

Fed. R. Civ. P. 1 requires courts to construe the rules to ensure their administration "to secure the just, speedy, and inexpensive determination of every action and proceeding." The Rule applies to all of the Federal Rules, *Herbert v. Lando*, 441 U.S. 153, 177 (1979), and local civil rules, *see Hawes v. Club Ecuestre El Comandante*, 535 F.2d 140, 144 (1st Cir. 1976) ("It is axiomatic that a local rule may not be applied so as to in effect subvert the overall purpose of the rules to provide for a just and speedy disposition on the merits").

Consistent with the mandate of Rule 1, in applying the Federal Rules of Civil Procedure, a court must "construe the provisions of the Rules to render substantial justice," *Hargreaves v. Roxy Theatre*, 1 F.R.D. 537, 537 (S.D.N.Y. 1940), not "to set traps and pitfalls by way of technicalities for unwary litigants," *Des Isles v. Evans*, 225 F.2d 235, 236 (5th Cir. 1955). They are to be construed "liberally so as to reach the merits of a controversy," *Georgia Power Project v. Georgia Power Co.*, 409 F. Supp. 332, 336 (N.D. Ga. 1975), a point recognized by this Court in *Boxer v. Smith, Kline & French Labs.*, 43 F.R.D. 25 (S.D.N.Y. 1967):

> The Federal Rules of Civil Procedure have been and are being liberalized and applied constantly with the purpose to give a plaintiff the chance to have his case determined upon the facts as they really are and not be precluded because of some technical or strict application of a rule of procedure.

*Id.* at 29; *see also McCormick v. Wood,* 156 F. Supp. 483, 484 (S.D.N.Y. 1957) ("The rules are designed to discourage battles over mere form and to sweep away needless controversies that serve either to delay a trial on the merits or to deny a party his day in court because of technical defects in the pleadings.").

Even the United States Supreme Court has weighed in, stating that it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on … mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181 (1962).

In accord with these liberal principles, it is common for courts to excuse technical defects in order to decide motions on the merits. *See, e.g., State of N.Y. v. Lambs of Christ,* No. 94 Civ. 4845 (RJW), 1997 WL 23187, at *1 (S.D.N.Y. Jan. 21, 1997) (excusing late filed brief in violation of Local Civ. Rule 3(c)(3)); *Ello v. Singh*, No. 05 Civ. 9625 (KMK), 2006 WL 2270871, at *2 n. 5 (S.D.N.Y. Aug. 7, 2006) (declining to deny motion to disqualify counsel based on failure to file a memorandum of law in violation of Local Civil Rule 7.1 and addressing the motion on the merits); *Bogdan v. Stolt-Nielsen S.A.,* No. 01 Civ. 1910 (SJ), 2005 WL 755764, *3 (E.D.N.Y. Mar. 29, 2005) (same on motion to dismiss); *Metellus v. Jetblue Airways Corp.* No. 07 Civ. 4719 (CBA), 2010 WL 1267777, at *1 (E.D.N.Y. Mar. 30, 2010) (same); *Wims v. New York City Police Dep't*, No. 10 Civ. 6128 (PKC), 2011 WL 2946369, at *2 n.1 (S.D.N.Y. July 20, 2011) ("this Court has broad discretion to determine whether to overlook a party's failure to comply with local rules ... and [n]othing in ... the Civil Rules of the Southern District requires a court to punish a party for noncompliance" (internal quotation and citation omitted)), *DDR*, *supra* at n. 2.

Finally, the issuance of such a harsh penalty under a Local Rule on a matter of form not substance—without any finding of willfulness—violates Rule 83(a)(2) of the Federal Rules of Civil Procedure, which provides that "[a] local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply."[4]

The Court may have overlooked some of these general principles in denying Altobridge's motion on technical grounds.  Clearly, in doing so, the Court foreclosed any potential Rule 1 efficiency benefits that would have been realized from a decision on the merits.

### 6. Altobridge's Decision To Not Attach The FAC Was In The Interest of Judicial Economy And To Avoid Waste, Not To Obtain A Procedural Advantage

The decision not to attach the FAC was to advance judicial economy and avoid waste, and was not intended to gain procedural advantage.  Why would the Court need two identical copies of the same document?  We assumed the Court would not only want to save paper, but to avoid congestion as well.  Thus, in deciding not to attach it, after Plaintiff raised the issue in its opposition memorandum, we took into consideration the fact that the FAC was already available to the Court on its docket, as a filed document, and was included by Mr. Offenhartz in his declaration.  In any event, we did not read Local Rule 7.1 to require parties to attach redundant copies of pleadings already before the Court.  But even if we erred, the error was in good faith.

### D. Conclusion

Based on the foregoing, we respectfully urge the Court to reconsider its denial of Altobridge's motion to dismiss and to decide the motion on the merits.

---

[4] *See also* Fed.R.Civ.P. 83 Advisory Committee's Note ("Paragraph (2) is new.  Its aim is to protect against the loss of rights in the enforcement of local rules as to form.") The note continues, clarifying that the restriction would not apply to substantive practice requirements, like those that require parties to "identify evidentiary matters relied upon to support oppose motions for summary judgment."  Here, however, the defect is clearly one of form. *Substantively*, the Court had the Amended Complaint from the two other moving parties and on the docket.  It was only a matter of *form* that Altobridge did not also include it with its submission.

| | |
|---|---|
| Dated: New York, New York<br>August 20, 2013 | SULLIVAN & WORCESTER LLP<br><br>By: /s/Andrew T. Solomon<br>    Andrew T. Solomon<br>1633 Broadway, 32nd Floor<br>New York, New York 10019<br>(212) 660-3000<br><br>*Attorneys for Altobridge Limited<br>and Altobridge Corporation* |

11