UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ALTO LENDING, LLC,

                Plaintiff                Docket No.: 12-CV-07391
                                                      (ALC)(DCF)

       -against-

ALTOBRIDGE LIMITED, ALTOBRIDGE
CORPORATION and INTEL CORPORATION

                Defendants
------------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT
## OF PLAINTIFF'S MOTION FOR RECONSIDERATION

                                          YUEN ROCCANOVA SELTZER & SVERD P.C.

                                              Steven Seltzer, Esq.
                                              Paul J. Sagar, Esq.
                                              11 Hanover Square, 13th Floor
                                              New York, New York 10005
                                              212-608-1178

                                              *Attorneys for Plaintiff*

To:    Andrew T. Solomon, Esq.
        Natalie S. Lederman, Esq.
        SULLIVAN & WORCESTER LLP
        1633 Broadway, 32nd Floor
        New York, New York 10019

        Adam H. Offenhartz, Esq.
        David J. Kerstein, Esq.
        GIBSON, DUNN & CRUTCHER LLP
        200 Park Avenue
        New York, New York 10166

## PRELIMINARY STATEMENT

This Court, in a Memorandum and Order dated August 16, 2013 (the "Order"), denied Altobridge Limited and Altobridge Corporation's (collectively, "Altobridge") motion to dismiss, based on Altobridge's failure to attach a copy of plaintiff's Amended Complaint in violation of Local Civil Rule 7.1(a). The Court, however, granted the motion to dismiss pursuant to FRCP 12(b)(6) filed by defendant Intel Corporation ("Intel") even though the Amended Complaint was not attached to the Intel moving papers. See the Declaration of Steven Seltzer dated August 26, 2013 ("Seltzer Decl."), Exhibit "A". It is respectfully submitted that the Court overlooked Intel's failure to attach the Amended Complaint to its motion to dismiss. Intel's attempt to salvage its motion by annexing the Amended Complaint to its supplemental declaration should have failed. A movant cannot cure a motion's substantive and/or procedural defects on reply.

Pursuant to Federal Rules of Civil Procedure 60(b) and Local Civil Rule 6.3, plaintiff moves for reconsideration of only that portion of the Order that dismissed the Amended Complaint against Intel on the grounds that Intel's failure to attach the Amended Complaint to its motion to dismiss was overlooked, and Intel could not rectify this deficiency on reply.

## STATEMENT OF FACTS

Plaintiff originally commenced this action on July 27, 2012 by filing a Summons and Verified Complaint in the Supreme Court of the State of New York, New York County. On October 2, 2012, Altobridge removed this action to this Court, pursuant to 28 U.S.C. ¶ 1441(b). After obtaining leave from the Court, plaintiff filed its First Amended Complaint on January 22, 2013.

Intel, on February 21, 2013, filed a Notice of Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), along with an accompanying Memorandum of Law, and Declaration of Adam H. Offenhartz, Esq., attaching two term sheets as exhibits. See Seltzer Decl. Exhibit "B". Altobridge, also on February 21, 2013, filed a separate Notice of Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), along with an accompanying Memorandum of Law, Declaration of Andrew T. Solomon, Esq., and Declaration of Michael Fitzgerald, attaching only two term sheets as exhibits. See Seltzer Decl., Exhibit "C". Both Intel and Altobridge failed to attach the Amended Complaint to their motions, despite referring to it throughout their memoranda of law. In its March 22, 2013 memorandum of law in opposition to the defendants' motions, plaintiff raised the issue that neither defendant had annexed the Amended Complaint to the moving papers. Seltzer Decl., Exhibit "D", p. 8. Intel then first provided the Court with the Amended Complaint, which it attached to its April 5, 2013 Supplemental Declaration. See Seltzer Decl., Exhibit "E". Altobridge never attempted to cure its failure to attach the Amended Complaint.

This Court's August 16, 2013 Order denied Altobridge's motion, based on Altobridge's failure to attach a copy of plaintiff's Amended Complaint to its motion in violation of Local Civil Rule 7.1(3), but granted Intel's motion to dismiss, overlooking Intel's failure to attach the Amended Complaint to its motion.

## ARGUMENT

### I. THE COURT SHOULD RECONSIDER ITS GRANTING OF INTEL'S MOTION TO DISMISS.

#### A. Motion to Reconsider Standard

Plaintiff moves for reargument or reconsideration pursuant to Federal Rules of Civil Procedure 60(b) and Local Civil Rule 6.3. Courts grant a motion for reargument or reconsideration when the movant cites "controlling decisions or data," overlooked by the court, "that might reasonably be expected to alter" the court's decision. McDermott v. Liberty Maritime Corp., 2011 WL 2650200, *1 (E.D.N.Y. 2011) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995).

#### B. The Court Has Overlooked Intel's Failure To Attach The Amended Complaint to Its Initial Motion; A Deficiency That Can Not Be Rectified on Reply.

##### (i) Pursuant to Local Rule 7.1 All Motions Must Include Exhibits Containing "Any Factual Information and Portions Of The Record Necessary for The Decision of The Motion."

Local Rule 7.1(a) provides that all motions must include the following:

(1) A notice of motion, or an order to show cause signed by the Court, which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion;

(2) A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined; and

(3) Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion.

3

Courts have "the authority to deny a motion that is not filed in accordance with Local Rule 7.1." Toner v. United Broth. of Carpenters, 1999 WL 178784, *1 (S.D.N.Y.1999). The components of a motion outlined in 7.1(a) are all necessary and failure to include any component is grounds for denial. For instance, as this Court's Order made clear, courts routinely deny motions when the movant fails to include a memorandum of law. See supra. Toner, 1999 WL 178784 (citing Mermelstein v. Maki, 830 F.Supp. 184 (S.D.N.Y.1993); See also Order p. 6. Further, because a Notice of Motion specifies the "the relief sought by the motion," it is also indispensable because without it, the court would be unable to determine what relief the movant seeks. See Local Rule 7.1(a)(1). There is no indication in the local rule's text that the requirements of Rule 7.1(a)(3) are any less stringent than those of 7.1(a)(1-2) as nothing in the plain language of section (a)(3) signals that it is optional rather than a requirement. All three provisions are prefaced with the same statement: "all motions shall include the following motion papers," and nothing in the rule indicates that a movant has the discretion to ignore the dictates of 7.1(a)(3). See Katzman v. Victoria's Secret Catalogue, 923 F.Supp. 580 (S.D.N.Y.1996) (where the court, when interpreting a local rule according to its plain meaning, noted: "The first canon of statutory construction is that a legislature says in a statute what it means and means in a statute what it says there. Indeed, when the words of a statute are unambiguous, this first canon is also the last: Judicial inquiry is complete.") (internal citations and punctuation marks omitted). See also UMG Recordings, Inc. v. Lindor, 2006 WL 3335048, *5 (E.D.N.Y. 2006) (where the court interpreted a local rule pursuant to its plain meaning). Therefore, a movant's failure to comply with Local Rule 7.1 (a)(3) has the same effect as a failure to comply with Local Rule 7.1 (a)(1) or (2), namely, denial of the motion.

4

Here, Intel failed to attach the Amended Complaint, which it referenced and relied upon throughout its motion, and such an omission warrants denial of its motion.

### (ii) The Purpose Of A Reply Is To Respond To Arguments Made in Opposition – Not to Rectify The Motion's Procedural and Substantive Deficiencies.

The purpose of a reply is to address arguments made in opposition. See Alfadda v. Fenn,1993 WL 526065 (S.D.N.Y. 1993) ("A reply brief, however, is just that—ones whose purpose is to respond to the arguments made in opposition to the initial motion."); In re WorldCom, Inc., 2007 WL 1989262, *6 (Bkrtcy.S.D.N.Y. 2007) ("it is useful to recall the purpose of reply papers—that is, reply papers may address new issues raised in the opposition papers so as to avoid giving an unfair advantage to the answering party who took it upon himself to argue those previously unforeseen issues.") (internal citations and quotations marks omitted). Therefore, the purpose of a reply is *not* to rectify deficiencies in the moving papers.

A reply is not a "motion" under the local rule. The plain language of Local Rule 7.1 makes it clear that a party's original motion and its reply are distinct entities. The Rule sets forth the rules for each in different provisions: 7.1(a) sets forth the requirements for a motion, while 7.1(b) sets forth the requirements for oppositions and replies. If a motion and a reply were to be considered as a whole, it would be unnecessary to list the requirements of each in different sections.

Here, as demonstrated above, Intel, in his its motion to dismiss, made exactly the same omission as Altobridge – it failed to annex the Amended Complaint, thereby omitting factual information and portions of the record necessary for the decision of the motion, despite

repeatedly citing to it in its motion. See Local Civil Rule 7.1(a). Intel's attachment of the Amended Complaint to its Supplemental Declaration does not remedy this error. As this Court, in its Order, implicitly acknowledged, whether the omission prejudiced a party is irrelevant, and "failure to comply with even a single one of the Local Rules constitutes grounds for denial of a party's motion." Exhibit "A" to Seltzer Decl., p. 6. Therefore, this Court should apply its reasoning to Intel and deny its motion to dismiss for failure to comply with the Local Rules.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court reconsider and reverse its granting of Intel's motion to dismiss.

Dated: New York, New York
August 28, 2013

YUEN ROCCANOVA SELTZER & SVERD, P.C.

By: _____
Steven Seltzer
Paul J. Sagar
Counsel for Plaintiff
11 Hanover Square, 13th Floor
New York, New York 10005
