UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ALTO LENDING, LLC,

                             Plaintiff                      Docket No.: 12-CV-07391
                                                                                           (ALC)(DCF)

              -against-

ALTOBRIDGE LIMITED, ALTOBRIDGE
CORPORATION and INTEL CORPORATION

                             Defendants
------------------------------------------------------------------x

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
## TO THE MOTION FOR RECONSIDERATION SUBMITTED BY DEFENDANTS
## ALTOBRIDGE LIMITED AND ALTOBRIDGE COPRORATION

                                          YUEN ROCCANOVA SELTZER & SVERD P.C.

                                                Steven Seltzer, Esq.
                                                Paul J. Sagar, Esq.
                                                11 Hanover Square, 13th Floor
                                                New York, New York 10005
                                                212-608-1178

                                                *Attorneys for Plaintiff*

To:    Andrew T. Solomon, Esq.
         Natalie S. Lederman, Esq.
         SULLIVAN & WORCESTER LLP
         1633 Broadway, 32nd Floor
         New York, New York 10019

# TABLE OF AUTHORITIES

**Cases**

Alfadda v. Fenn, 1993 WL 526065 (S.D.N.Y. 1993)..................................................................8

Carbone v. Cunningham, 2012 WL 33987, *1 (S.D.N.Y. 2012) ................................................9

Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42 (2d Cir. 1991)..................................7

Ello v. Singh, 2006 WL 2270871, *2 (S.D.N.Y. 2006)...............................................................9

In re WorldCom, Inc., 2007 WL 1989262, *6 (Bkrtcy.S.D.N.Y. 2007) .....................................8

Katzman v. Victoria's Secret Catalogue, 923 F.Supp. 580 (S.D.N.Y.1996) ..............................4

Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009) ....................................................................9

Liberty Synergistics Inc. v. Microflo Ltd., 718 F.3d 138 (2d Cir. 2013) ...................................6

McDermott v. Liberty Maritime Corp., 2011 WL 2650200, *1 (E.D.N.Y. 2011) .....................3

Mendell v. Gollust, 909 F.2d 724, 731 (2d Cir.1990), aff'd, 501 U.S. 115, 111 S.Ct. 2173, 115 L.Ed.2d 109 (1991) ....................................................................................................3

Mermelstein v. Maki, 830 F.Supp. 184 (S.D.N.Y.1993).............................................................4

Sherman v. A.J. Pegno Constr. Corp., 528 F.Supp.2d 320, 323 (S.D.N.Y. 2007) .....................6

Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995) .................................................3

Toner v. United Broth. of Carpenters, 1999 WL 178784, *1 (S.D.N.Y.1999) ..........................4

UMG Recordings, Inc. v. Lindor, 2006 WL 3335048, *5 (E.D.N.Y. 2006)...........................4, 5

Wims v. New York City Police Dept., 2011 WL 2946369, *2 (S.D.N.Y. 2011).........................9

**Rules**

Fed. R. Civ. P. 1........................................................................................................................9

Fed. R. Civ. P. 10(c)..............................................................................................................6, 8

Fed. R. Civ. P. 83(a)(2)...........................................................................................................10

Local Civil Rule 7.1(a) ........................................................................................................3, 8

Local Civil Rule 7.1(a)(3).....................................................................................................7, 8

### Other Authorities

5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1326...................6

ADVISORY COMMITTEE NOTES to the 1995 Amendments............................................................10

BLACK'S LAW DICTIONARY (9th ed. 2009).............................................................................5

COMMITTEE NOTE to Local Rule 7.1....................................................................................7

Federal Court Rules Research Guide,
http://www.law.georgetown.edu/library/research/guides/federal_court_rules.cfm....................5

MERRIAM-WEBSTER'S DICTIONARY (11th ed. 2003) .................................................................10

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ................................................................................... 1

**STATEMENT OF FACTS** ......................................................................................... 1

**ARGUMENT** ............................................................................................................. 3

**POINT I**
**THE COURT SHOULD NOT RECONSIDER ITS DENIAL OF ALTOBRIDGE'S MOTION TO DISMISS.** ................................................................. 3

    A. Motion to Reconsider Standard .................................................................. 3

    B. Pursuant to Local Rule 7.1 All Motions Must Include Exhibits Containing "Any Factual Information and Portions Of The Record Necessary for The Decision of The Motion." Failure to Do So May Result in Dismissal ......... 3

        i. A Plain Reading of Local Rule 7.1 Makes it Clear that all of its requirements are Mandatory, Not Optional .......................................... 3

        ii. Whether a Defect is "Substantive" or "Technical" is Irrelevant ........... 5

        iii. Local Rule 7.1(a)(3) and Fed. R. Civ. P 10(c) are not in conflict .......... 6

        iv. Because Intel also did not attach the Amended Complaint to its Motion to Dismiss, the fact that Altobridge joined Intel's motion does not cure its failure to annex the Amended Complaint ........................................ 8

        v. District Courts have an interest in ensuring that the local rules are strictly enforced ................................................................................... 9

        vi. Altobridge's interests in judicial economy and avoiding waste are irrelevant ......................................................................................... 10

**CONCLUSION** ........................................................................................................ 11

## PRELIMINARY STATEMENT

This Court, in a Memorandum and Order dated August 16, 2013 (the "Order"), denied Altobridge Limited and Altobridge Corporation's (collectively, "Altobridge") motion to dismiss, based on Altobridge's failure to attach a copy of plaintiff's Amended Complaint in violation of Local Civil Rule 7.1(a). See September 5, 2013 Declaration of Steven Seltzer ("Seltzer Decl."), Exhibit "A." Altobridge filed a Motion for Reargument or Reconsideration of the Court's Order on August 20, 2013 ("Reconsideration Motion"). Plaintiff submitted an application on August 22, 2013 requesting the Court's permission to file Opposition to the Reconsideration Motion on or before September 5, 2013 ("Plaintiff's Application"). See Seltzer Decl., Exhibit "B." On August 29, 2013, the Court granted Plaintiff's Application. See Id.

It is respectfully submitted that the Court should deny Altobridge's Reconsideration Motion. The plain meaning of Local Civil Rule 7.1(a)(3) required Altobridge to affix the Amended Complaint to its motion to dismiss, and federal district courts have discretion to deny a motion for failure to comply with the local rules. Altobridge has not cited any authority standing for the proposition that a court must tolerate or excuse so called "technical" defects. As such, Altobridge's Reconsideration Motion fails to meet it heavy burden of demonstrating that extraordinary circumstances warranting reconsideration exist.

## STATEMENT OF FACTS

Plaintiff originally commenced this action on July 27, 2012 by filing a Summons and Verified Complaint in the Supreme Court of the State of New York, New York County. On October 2, 2012, Altobridge removed this action to this Court, pursuant to 28 U.S.C. ¶ 1441(b).

After obtaining leave from the Court, plaintiff filed its First Amended Complaint on January 22, 2013. See Seltzer Decl., Exhibit "C."

Altobridge, on February 21, 2013, filed a Notice of Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), along with an accompanying Memorandum of Law, Declaration of Andrew T. Solomon, Esq., and Declaration of Michael Fitzgerald, attaching only two term sheets as exhibits. See Seltzer Decl., Exhibit "D." Intel Corporation ("Intel"), also on February 21, 2013, filed a separate Notice of Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), along with an accompanying Memorandum of Law, and Declaration of Adam H. Offenhartz, Esq., attaching two term sheets as exhibits. See Seltzer Decl. Exhibit "E." Both Intel and Altobridge failed to attach the Amended Complaint to their motions, despite referring to it throughout their memoranda of law. In its March 22, 2013 memorandum of law in opposition to the defendants' motions, plaintiff raised the issue that neither defendant had annexed the Amended Complaint to the moving papers. Seltzer Decl., Exhibit "F," p. 8. Intel then first provided the Court with the Amended Complaint, which it attached to its April 5, 2013 Supplemental Declaration that was submitted with Intel's reply memorandum. See Seltzer Decl., Exhibit "G". Altobridge never attempted to cure its failure to attach the Amended Complaint.

This Court's August 16, 2013 Order denied Altobridge's motion, based on Altobridge's failure to attach a copy of plaintiff's Amended Complaint to its motion in violation of Local Civil Rule 7.1(3). See Seltzer Decl., Exhibit "A." Altobridge filed a Motion for Reargument or Reconsideration of the Court's August 16, 2013 Order on August 20, 2013.

## ARGUMENT

### I. THE COURT SHOULD NOT RECONSIDER ITS DENIAL OF ALTOBRIDGE'S MOTION TO DISMISS.

#### A. Motion to Reconsider Standard

Altobridge moves for reargument or reconsideration pursuant to Local Civil Rule 6.3. "The standard for granting a motion for reconsideration is strict" and a court will deny the motion unless the movant cites "controlling decisions or data," overlooked by the court, "that might reasonably be expected to alter" the court's decision. McDermott v. Liberty Maritime Corp., 2011 WL 2650200, *1 (E.D.N.Y. 2011) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995) (internal punctuation omitted). Courts will deny a motion for reargument or reconsideration absent a "showing of *exceptional circumstances*." Id. (citing Mendell v. Gollust, 909 F.2d 724, 731 (2d Cir.1990), aff'd, 501 U.S. 115, 111 S.Ct. 2173, 115 L.Ed.2d 109 (1991)) (emphasis added).

#### B. Pursuant to Local Rule 7.1 All Motions Must Include Exhibits Containing "Any Factual Information and Portions Of The Record Necessary for The Decision of The Motion." Failure to Do So May Result in Dismissal.

*(i) A Plain Reading of Local Rule 7.1 Makes it Clear that all of its requirements are Mandatory, Not Optional.*

Local Civil Rule 7.1(a) provides that all motions must include the following:

(1) A notice of motion, or an order to show cause signed by the Court, which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion;

(2) A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined; and

> (3) Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion.

Courts have "the authority to deny a motion that is not filed in accordance with Local Rule 7.1." Toner v. United Broth. of Carpenters, 1999 WL 178784, *1 (S.D.N.Y.1999). The components of a motion outlined in 7.1(a) are all necessary and failure to include any component is grounds for denial. For instance, as this Court's Order made clear, courts routinely deny motions when the movant fails to include a memorandum of law. See supra. Toner, 1999 WL 178784 (citing Mermelstein v. Maki, 830 F.Supp. 184 (S.D.N.Y.1993); See also Seltzer Decl., Exhibit A, p. 6. There is no indication in the local rule's text that the requirements of Rule 7.1(a)(3) are any less stringent than those of 7.1(a)(1-2) as nothing in the plain language of section (a)(3) signals that it is optional rather than a requirement. All three provisions are prefaced with the same statement, "all motions shall include the following motion papers," and nothing in the rule indicates that a movant has the discretion to ignore the dictates of 7.1(a)(3). See Katzman v. Victoria's Secret Catalogue, 923 F.Supp. 580 (S.D.N.Y.1996) (where the court, when interpreting a local rule according to its plain meaning, noted: "The first canon of statutory construction is that a legislature says in a statute what it means and means in a statute what it says there. Indeed, when the words of a statute are unambiguous, this first canon is also the last: Judicial inquiry is complete.") (internal citations and punctuation marks omitted). See also UMG Recordings, Inc. v. Lindor, 2006 WL 3335048, *5 (E.D.N.Y. 2006) (where the court interpreted a local rule pursuant to its plain meaning). Therefore, a movant's failure to comply with Local Rule 7.1 (a)(3) has the same effect as a failure to comply with Local Rule 7.1 (a)(1) or (2), namely, denial of the motion.

Here, Altobridge failed to attach the Amended Complaint, which it referenced and relied upon throughout its motion, and such an omission warrants denial of its motion.

*(ii) Whether a Defect is "Substantive" or "Technical" is Irrelevant.*

As demonstrated above, when the language of a local rule is clear and unambiguous, the court need look no further, the rule's plain meaning governs. See supra UMG Recordings, 2006 WL 3335048, *5. Altobridge attempts to obscure this dictate and evade the rule's plain meaning by introducing a non-existent distinction between substantive and technical defects, which has no support in the language of Rule 7.1. Nowhere does the rule state that a court is free to ignore so called technical defects. Further, Altobridge has not cited a single case that explicitly employs this distinction in relation to Local Rule 7.1.

Considering that the local rules are procedural rules, Altobridge cannot have meant that all failures to comply with non-substantive rules should be excused. Altobridge's distinction between "substantive" and "technical" defects appears to rest on a misapplication of the distinction between "substantive" and "procedural" law. BLACK'S LAW DICTIONARY (9th ed. 2009) defines "substantive law" as "[t]he part of the law that creates, defines, and regulates the rights, duties, and powers of parties" and contrasts it with "procedural law," which it defines as "[t]he rules that prescribe the steps for having a right or duty judicially enforced, as opposed to the law that defines the specific rights or duties themselves." Pursuant to these definitions, the Local Civil Rules *all* fall under the rubric of procedural, not substantive, law. They provide a mechanism for parties wishing to enforce their substantive rights in the Eastern and Southern

5

Districts of New York.[1] The Local Rules supplement the Federal Rules of Civil Procedure[2], as Local Civil Rule 1.1, Application of Rules provides, "[t]hese Local Civil Rules apply in all civil actions and proceedings **governed by the Federal Rules of Civil Procedure**." (emphasis added) On the other hand, there is not a single local rule that supplements a federal substantive rule of law. Although it is undeniable that some procedural rules will have "substantive implications," Liberty Synergistics Inc. v. Microflo Ltd., 718 F.3d 138 (2d Cir. 2013), there is no support either within the plain language of the rule, or in the case law, dictating that a court should overlook noncompliance with procedural mandates that lack explicit "substantive implications."

*(iii)Local Rule 7.1(a)(3) and Fed. R. Civ. P 10(c) are not in conflict.*

Altobridge misconstrues the meaning of the phrase "adopted by reference" as it is used in Fed. R. Civ. P 10(c), which provides: "A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion." This rule allows a party to adopt statements in the pleadings of another party (or in its own pleading) without having to repeat the statements verbatim. Parties typically employ this device in multi-party litigation in order to adopt the statements in the pleadings of co-defendants or co-plaintiffs. See Sherman v. A.J. Pegno Constr. Corp., 528 F.Supp.2d 320, 323 (S.D.N.Y. 2007) ("'The ability to incorporate matter from other pleadings is especially useful in multiparty litigation when the presence of common questions often results in the pleadings of the parties on the same side of the litigation being virtually identical, which makes employing simple incorporations by reference highly

---

[1] See also Federal Court Rules Research Guide, *available at* http://www.law.georgetown.edu/library/research/guides/federal_court_rules.cfm ("Court rules prescribe procedures for practice in the courts. They dictate such matters as how to file a law suit, what evidence is admissible at trial, and what are grounds for appeal.")

[2] For instance, the Committee Note to Local Civil Rule 67.1 states: "Local Civil Rule 67.1 contains useful provisions concerning orders for the deposit of money into interest-bearing accounts which supplement the provisions of Fed. R. Civ. P. 67(a). Likewise, the Committee Note to Local Civil Rule 65.1.1 states: "Local Civil Rule 65.1.1 contains useful provisions concerning sureties which supplement the provisions of Fed. R. Civ. P. 65(c) and 65.1."

6

desirable.'" (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1326)) Whereas parties typically employ Fed. R. Civ. P 10(c) when they need to adopt a statement in a pleading, Local 7.1(a)(3), "sets forth the types of papers that are required in support of or in opposition to a motion," See COMMITTEE NOTE to Local Rule 7.1, regardless of whether the movant is adopting or critiquing the statements contained in the documents. Authorization to adopt from a pleading by reference does not excuse compliance with Local Rule 7.1(a)(3).

Here, it is obvious that Altobridge does not wish to adopt the statements contained in Altobridge's Amended Complaint – Altobridge has no reason to adopt the allegations of plaintiff, its adversary in this action, as its own. Instead, Altobridge refers to the Amended Complaint because it contains "factual information and portions of the record necessary for the decision of the motion" See Local Rule 7.1(a)(3). This is precisely the situation that Local Rule 7.1(a)(3) addresses and that Fed. R. Civ. P 10(c) is silent on.

Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42 (2d Cir. 1991), the only case cited by Altobridge directly on this issue, is inapposite. Cortec Industries involved the question of what documents a court can consider when ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss. This issue turns on whether a document is "integral to a complaint," and if it is, then a court can consider the document without converting a Fed. R. Civ. P. 12(b)(6) motion to dismiss into a Fed. R. Civ. P. 56 summary judgment motion. Id. at 48. Cortec Industries therefore did not address the issue of which documents a movant must attach to its motion pursuant to Local Rule 7.1(a)(3) and whether a movant can be excused for noncompliance with the Local Rule.

7

> (iv) Because Intel also did not attach the Amended Complaint to its Motion to Dismiss, the fact that Altobridge joined Intel's motion does not cure its failure to annex the Amended Complaint.

In its Motion for Reconsideration, Altobridge argues, "the Court may have overlooked the fact that Altobridge expressly joined the motion to dismiss by co-defendant Intel, which did attach the FAC with its motion papers." However, Intel also failed to attach the Amended Complaint to its 12(b)(6) motion and did not do so until its Reply.

A reply is not a "motion" under the local rule. The plain language of Local Rule 7.1 makes it clear that a party's original motion and its reply are distinct entities. The Rule sets forth the rules for each in different provisions: 7.1(a) sets forth the requirements for a motion, while 7.1(b) sets forth the requirements for oppositions and replies. If a motion and a reply were to be considered as a whole, it would be unnecessary to list the requirements of each in different sections.

The purpose of a reply is to address arguments made in opposition. See Alfadda v. Fenn, 1993 WL 526065 (S.D.N.Y. 1993) ("A reply brief, however, is just that—ones whose purpose is to respond to the arguments made in opposition to the initial motion."); In re WorldCom, Inc., 2007 WL 1989262, *6 (Bkrtcy.S.D.N.Y. 2007) ("it is useful to recall the purpose of reply papers—that is, reply papers may address new issues raised in the opposition papers so as to avoid giving an unfair advantage to the answering party who took it upon himself to argue those previously unforeseen issues.") (internal citations and quotations marks omitted). Therefore, the purpose of a reply is *not* to rectify deficiencies in the moving papers.

Intel, in its motion to dismiss, made exactly the same omission as Altobridge – it failed to annex the Amended Complaint, thereby omitting factual information and portions of the record necessary for the decision of the motion, despite repeatedly citing to it in its motion. See Local

8

Civil Rule 7.1(a). Intel's attachment of the Amended Complaint to its Supplemental Declaration, submitted as part of Intel's reply, does not remedy this error. As this Court, in its Order, implicitly acknowledged, whether the omission prejudiced a party is irrelevant, and "failure to comply with even a single one of the Local Rules constitutes grounds for denial of a party's motion." Exhibit "A" to Seltzer Decl., p. 6. Therefore, the fact that Altobridge joined Intel's motion does nothing to remedy Altobridge's failure to annex the Amended Complaint to its motion because Intel's motion was also deficient and that defect could not be rectified through a reply.

> *(v) District Courts have an interest in ensuring that the local rules are strictly enforced.*

Courts have recognized that they must remain sensitive "to ensuring that their local rules are strictly enforced… [,]" even when dealing with *pro se* litigants, Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009); Carbone v. Cunningham, 2012 WL 33987, *1 (S.D.N.Y. 2012). There is no reason to believe that courts' interest in strictly enforcing its local rules runs counter to Fed. R. Civ. P. 1, which provides that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Nothing in Fed. R. Civ. P. 1 disturbs the fact that district courts have discretion to deny a motion for failure to comply with the Local Rules and that this Court properly exercised its discretion. Although Altobridge cites the principle that courts have the *discretion* to overlook a party's noncompliance with the local rules, Wims v. New York City Police Dept., 2011 WL 2946369, *2 (S.D.N.Y. 2011), it fails to cite any cases that stand for the proposition that Fed. R. Civ. P. 1 or 83(a) *requires* the Court to overlook a party's noncompliance. In fact, Ello v. Singh, 2006 WL 2270871, *2 (S.D.N.Y. 2006), which Altobridge cited, explicitly recognized that it had

9

the authority to deny a motion for failure to comply with the Local Rules. When opting not to exercise this authority, it warned the non-compliant party that "such behavior should not be repeated." Id.

Fed. R. Civ. P. 83(a)(2), cited by Altobridge, also fails to provide support for the position that this Court must excuse its failure to comply with Local Rule 7.1(a)(3). Fed. R. Civ. P. 83(a)(2) provides, "[a] local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a ***nonwillful*** failure to comply." (emphasis added) The ADVISORY COMMITTEE NOTES to the 1995 Amendments[3] explain that Fed. R. Civ. P. 83(a)(2)'s "proscription is ***narrowly drawn*** – covering only violations attributable to ***nonwillful***[4] failures to comply…" and "does not limit the court's power to impose substantive penalties upon a party if it or its attorney contumaciously or ***willfully*** violates a local rule, ***even one involving a matter of form***." (emphasis added) MERRIAM-WEBSTER'S DICTIONARY (11th ed. 2003) defines willful as "done deliberately: intentional." Altobridge, in its reconsideration motion, explicitly acknowledges that it intentionally omitted the Amended Complaint "to advance judicial economy and avoid waste." Exhibit "B" to Seltzer Decl., p. 10. Altobridge does not contend that its failure to attach the Amended Complaint was an oversight, rendering Fed. R. Civ. P. 83(a)(2) inapplicable.

*(vi) Altobridge's interests in judicial economy and avoiding waste are irrelevant.*

Although Altobridge's stated goals of promoting judicial economy and avoiding waste are laudable, they are completely irrelevant to interpreting the local rules. Altobridge fails to cite

---

[3] Although Fed. R. Civ. P. 83(a)(2) was again amended in 2007, the revisions were "stylistic only."
[4] The ADVISORY COMMITTEE NOTES to the 1995 Amendments provide the following as an example of a situation covered by Fed. R. Civ. P. 83(a)(2): "[A] party should not be deprived of a right to a jury trial because its attorney, ***unaware of – or forgetting*** – a local rule directing that jury demands be noted in the caption of the case, includes a jury demand only in the body of the pleading." (emphasis added)

any authority indicating that these considerations are pertinent to whether a movant's failure to comply with the local rules necessitates dismissal of the motion.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court deny Altobridge's Reconsideration Motion.

Dated: New York, New York
       September 5, 2013

                                YUEN ROCCANOVA SELTZER & SVERD, P.C.

                                By: _____
                                    Steven Seltzer
                                    Paul J. Sagar
                                    Counsel for Plaintiff
                                    11 Hanover Square, 13th Floor
                                    New York, New York 10005