UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ALTO LENDING, LLC,

                              Plaintiff                        Docket No.: 12-CV-07391
                                                                              (ALC)(DCF)

       -against-

                                                                             **NOTICE OF**
                                                                             **APPEAL**
ALTOBRIDGE LIMITED, ALTOBRIDGE
CORPORATION and INTEL CORPORATION

                              Defendants
------------------------------------------------------------------------x

       **PLEASE TAKE NOTICE** that the above named plaintiff, ALTO LENDING, LLC, hereby appeals to the United States Court of Appeals, Second Circuit, solely from that portion of the Memorandum and Order of the Honorable Andrew L. Carter, Jr., of the United States District Court of the Southern District of New York in this action, dated August 16, 2013 and entered in the office of the Clerk of the Court on August 16, 2013 (a copy of which is attached hereto), that dismissed plaintiff's Amended Complaint against defendant Intel Corporation.

Dated: New York, New York
          September 12, 2013

                                                                 YUEN ROCCANOVA SELTZER & SVERD P.C.

                                                          By: _____
                                                             Steven Seltzer
                                                             Paul J. Sagar
                                                             11 Hanover Square, 13th Floor
                                                             New York, New York 10005
                                                             T. 212-608-1178

To:    Andrew T. Solomon, Esq.
        Natalie S. Lederman, Esq.
        SULLIVAN & WORCESTER LLP
        1633 Broadway, 32nd Floor
        New York, New York 10019
        T. (212) 660-3000

Adam H. Offenhartz, Esq.
David J. Kerstein, Esq.
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
T. (212) 351-3808

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Alto Lending, LLC,

                Plaintiff,

        - against -

Altobridge Limited, Altobridge Corporation,
and Intel Corporation,

                Defendants.
------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8-16-13
```

12 Civ. 7391 (ALC)

**Memorandum & Order**

**ANDREW L. CARTER, JR., United States District Judge:**

    Before the Court is Defendants' motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, this Court now grants the motion to dismiss against Intel, but denies the motion to dismiss against Altobridge.

## FACTS

    On July 27, 2012, Plaintiff Alto Lending, LLC ("Plaintiff" or "Alto") filed this lawsuit in the Supreme Court of the State of New York. Defendants Altobridge Limited and its wholly owned subsidiary Altobridge Corporation (collectively "Altobridge") timely removed the action. (See Am. Compl. ¶ 1). According to the Amended Complaint, in the summer of 2010, Alto contemplated entering into a loan transaction with Altobridge—defined as the "Altobridge loan transaction"— which never came to fruition due to a lien that Altobridge supposedly failed to have timely removed. (Am. Compl. ¶¶ 7-11). When the loan from Plaintiff collapsed, in or about December 2010, Altobridge decided to seek alternative financing from new investors defendant Intel Corporation ("Intel") and the International Monetary Fund ("IMF"). (Am. Compl. ¶¶ 1, 11).

1

Plaintiff claims that it "agreed" that "Altobridge could pursue the transaction with Intel and the IMF on condition that Altobridge pay all legal fees and expenses incurred in the attempt to close the Altobridge loan transaction," and further claims that "Altobridge agreed and promised to pay all such legal fees and expenses." (Am. Compl. ¶ 12). After abandoning the Altobridge loan transaction, Plaintiff and Altobridge began negotiating a new transaction, a purported joint venture into which Altobridge would spin off its "military and government business." (Am. Compl. ¶¶ 13-15.) According to the Amended Complaint, Altobridge designated a Delaware entity, Nyx Networking, LLC [sic] ("Nyx"), to serve as the corporate vehicle for this proposed joint venture, defined in the Amended Complaint as the "Nyx venture." (Am. Compl. ¶ 16.) Delaware corporate records show that Nyx Networks LLC was formed on August 31, 2011.

According to Plaintiff, the term sheets only reflected the venture's ongoing progress and the generally agreed upon terms. (Opposition at 3.) The formation of Nyx followed the execution of the first of two term sheets that outlined the proposed transaction. To establish the Nyx venture, Alto alleges that the parties supposedly agreed in December 2010 that Altobridge would "transfer to Nyx all of its government and military business, including its communications equipment and services, and [an exclusive IP license]." (Am. Compl. ¶ 16.) Alto, for its part, would contribute the initial capital ($2.5 million) and would manage the operation. (Am. Compl. ¶¶ 16-17.) Profits and losses would be split 70% for Plaintiff and 30% for Altobridge. (Am. Compl. ¶ 17.) The term sheets are consistent with the Plaintiff's allegation of an agreement between the parties to share profits and losses. (Opposition at 24.) Plaintiff advised Altobridge that Plaintiff would not perform the work required for the Nyx venture unless Altobridge promised that it would complete the venture. (*Id.* at ¶ 18.)

Although it alleges that the parties reached "*final* agreed upon terms ... in December 2010" (Am. Compl. ¶ 17, emphasis added), Plaintiff contradicts that characterization by admitting that the parties continued to negotiate the terms of the transaction (Am. Compl. ¶¶ 17-44) and that "several of the terms initially agreed upon were changed repeatedly at the request of Altobridge." (Am. Compl. ¶ 27.) At some undetermined point during those negotiations, Altobridge's CEO supposedly promised Plaintiff in his capacity as the company's CEO "that the Nyx venture would be formalized as soon as Altobridge closed its financing transaction with Intel and IMF." (Am. Compl. ¶ 18.)

In March 2011, Altobridge's CEO also allegedly informed Alto that its Board had approved the transaction and supposedly assured Alto that Intel "approved the Nyx venture[.]" (Am. Compl. ¶ 20.) Plaintiff claims that, in reliance on these "promises and representations" by Altobridge's CEO, it "invested more than 1,000 additional hours" into the proposed venture "without receiving any compensation" (Am. Compl. ¶ 21), including the procurement of a $1 million contract (Am. Compl. ¶ 23), and other commitments exceeding $2 million (Am. Compl. ¶ 25), "increasing Nyx's value to approximately $10 million." (Am. Compl. ¶ 26.)

Plaintiff allegedly "expended thousands of man hours, expertise, and guidance and secured millions of investment dollars in furtherance of a mutually beneficial joint venture with Altobridge. The specific goal of the joint venture was to devise an alternative means for marketing and selling a substantial component of Altobridge's business: secured portable private cellular wireless communications technology utilized by military markets and governments." (Am. Compl. ¶ 1.) Plaintiff compensated "former military and government personnel that plaintiff retained to assist with the development of Nyx. Plaintiff also incurred legal fees and expenses exceeding $50,000 in performing and satisfying its obligations as a co-venturer with

3

Altobridge and in reasonable reliance upon the defendants' fraudulent misrepresentation of material fact." (Am. Compl. ¶ 93.) Plaintiff accuses Altobridge and Intel of "gross, wanton, and willful fraud" because they terminated "the venture after plaintiff had expended thousands of hours performing its obligations thereunder and enormously enhanced Nyx's value." (Am. Compl. ¶ 95.) Plaintiff alleged that Altobridge breach a fiduciary duty "by failing to commit the agreed upon technology, equipment, and IP licenses to the venture and by wrongfully terminating the Nyx venture. (Am. Compl. ¶ 59.)

On February 21, 2013, Defendants brought a motion to dismiss Plaintiff's complaint. Defendants argue that Plaintiff has not met its pleading standards and failed to state a claim upon which relief can be granted. For the reasons that follow, the Court grants the motion to dismiss against Intel, but denies the motion to dismiss against Altobridge.

## DISCUSSION

### I. Legal Standard under 12(b)(6)

On a motion to dismiss, this Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Ruotolo v. City of N.Y.*, 514 F.3d 184, 188 (2d Cir. 2008). Nonetheless, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. "Determining whether a complaint states a plausible claim for relief will be a

context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Plumbers & Steamfitters Local 773 Pension Fund v. Canadian Imperial Bank of Commerce*, 694 F.Supp.2d 287, 296 (S.D.N.Y. 2010). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010).

In ruling on a motion to dismiss, a "court may consider the facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (internal quotation and citation omitted). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (internal quotation marks and citations omitted).

The issue before the Court on this motion to dismiss "is not whether ... plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995), *cert. denied*, 519 U.S. 808 (1996) (citation omitted).

### A. Altobridge's Failure to Comply with Local Civil Rule 7.1

Local Civil Rule 7.1 of the Rules of the United States District Courts for the Southern and Eastern Districts of New York provides, in relevant part, as follows:

(a) Except as otherwise permitted by the Court, all motions shall include the following motion papers:

(2) A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined;

(3) Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion.

(b) Except as otherwise permitted by the Court, all oppositions and replies with respect to motions shall comply with Local Civil Rule 7.1(a)(2) and (3) above.

The Local Civil Rules apply to all civil actions in this Court that are governed by the Federal Rules of Civil Procedure. Local Civil Rule 1.1. Defendant Altobridge failed to annex the Plaintiff's Amended Complaint even though they rely on the factual information contained therein for their motion to dismiss. Failure to comply with Local Rule 7.1 may constitute sufficient grounds for granting or denying a motion. *See, e.g., East 65 Street Realty Corp. v. Rinzler,* No. 08 Civ. 6655(RCC), 2000 WL 303279, at *2 (S.D.N.Y. March 22, 2000); *Toner v. United Bhd of Carpenters,* 1999 WL 178784 (S.D.N.Y. Mar. 31, 1999); *Broad v. DKP Corp.,* 1998 WL 516113 (S.D.N.Y. Aug. 19, 1998), *aff'd* 182 F.3d 898 (2d Cir. 1999). In myriad cases, this Court has held that failure to comply with even a single one of the Local Rules constitutes grounds for denial of a party's motion. *See U.S. v. LaMorte,* 940 F.Supp. 572, 575 (S.D.N.Y. 1996) citing Order, *Trerotola v. Local 72 of the International Bhd. of Teamsters,* 96 Civ. 0555, 947 F.Supp. 654 (S.D.N.Y. April 2, 1996); *Erbacci v. United States,* 166 F.R.D. 298, 303–09 (S.D.N.Y.1996); Memorandum Endorsement, *Allstate Ins. Co. v. Administratia Asigurarilor De Stat,* 86 Civ. 2365 (S.D.N.Y. June 19, 1995).

Defendant Altobridge's motion to dismiss is accordingly denied.

### B. Intel

Plaintiff's claims against Intel are for purported (i) aiding and abetting a breach of fiduciary duty (Count Ten), (ii) fraudulent misrepresentation (Count Three), and (iii) tortious interference with business opportunity/business relations (Count Nine)—each of which identifies as damages against Intel only pre-closing legal and advisory costs.

### I. Fiduciary duty claims

First, Plaintiff claims Intel aided and abetted Altobridge's alleged breach of a fiduciary duty. Under New York law, the elements of a breach of fiduciary duty claim are: (1) the existence of a fiduciary duty; and (2) the breach of that fiduciary duty. *See Russo v. Banc of Am. Sec., LLC,* No. 05–CV–2922 (DAB), 2007 WL 1946541, at *8 (S.D.N.Y. June 28, 2007). The determination of whether a fiduciary duty exists cannot be determined "by recourse to rigid formulas." *Scott v. Dime Sav. Bank,* 886 F.Supp. 1073, 1078 (S.D.N.Y.1995). "When examining whether a fiduciary relationship exists under New York law, a court examines 'whether one person has reposed trust or confidence in the integrity and fidelity of another who thereby gains a resulting superiority or influence over the first.'" *Teachers Ins. & Annuity Ass'n of Am. v. Wometco Enters.,* 833 F.Supp. 344, 349–50 (S.D.N.Y. 1993); *see also Mandelblatt v. Devon Stores,* 132 A.D.2d 162, 521 N.Y.S.2d 672, 676 (App. Div. 1987) ("'A fiduciary relation exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation.'" (quoting Restatement (Second) of Torts § 874, cmt. a)). The inquiry is "fact-specific." *Facella v. Fed'n of Jewish Philanthropies of N.Y., Inc.,* No. 98–CV–3146 (DAB), 2004 WL 1700616, at *6 (S.D.N.Y. July 30, 2004).

In order to state a cause of action for aiding and abetting a breach of fiduciary duty under New York law, a plaintiff must adequately plead "(1) the existence of a violation by the primary

7

wrongdoer; (2) knowledge of the violation by the aider and abettor; and (3) proof that the aider and abettor substantially assisted the primary wrongdoer." *Chemtex, LLC v. St. Anthony Enterprises, Inc.,* 490 F.Supp.2d 536, 546 (S.D.N.Y. 2007).

An aiding and abetting claim requires that the defendant had knowledge of the underlying conduct, a standard that is not satisfied by a mere allegation of constructive knowledge. *See Kolbeck v. LIT Am., Inc.,* 939 F.Supp. 240, 246 (S.D.N.Y. 1996) ("New York common law ... has not adopted a constructive knowledge standard for imposing aiding and abetting liability"). Rather, New York law requires that a plaintiff must alleged facts that give rise to a "'strong inference'" of knowledge. *Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt., LLC,* 479 F.Supp.2d 349, 367 (S.D.N.Y. 2007) (quoting *Lerner v. Fleet Bank, N.A.,* 459 F.3d 273, 293 (2d Cir. 2006)).

A defendant substantially assists the primary violator when a defendant affirmatively assists, helps conceal or fails to act when required to do so, thereby enabling the breach to occur. *See Kolbeck v. LIT Am., Inc.,* 939 F.Supp. 240, 247 (S.D.N.Y. 1996). "However, inaction constitutes substantial assistance only when an 'independent duty to act was a duty owed to the defrauded [victim].'" *Id.* at 247 (S.D.N.Y. 1996) (quoting *Dillon v. Militano,* 731 F.Supp. 634, 639 (S.D.N.Y. 1990))

To plausibly state a claim for aiding and abetting a breach of fiduciary duty against Intel, Plaintiff must allege specifically how Intel knowingly induced or participated in the breach. *See Wilson v. Dantas,* No. 12–CV–3238, 2013 WL 92999, at *5 (S.D.N.Y. Jan. 7, 2013) ("The defendant must affirmatively assist, help conceal, or fail to act when required to do so, thereby enabling the breach to occur. This substantial assistance must be the proximate cause of [Plaintiff's] injury.") (alterations, internal quotation marks, and citation omitted). To state a

8

claim for aiding and abetting, Plaintiff must also plausibly allege that they suffered damage as a result of Intel's substantial assistance to Altobridge in breaching their fiduciary duties to Plaintiff.

The amended complaint fails to plead these allegations with the requisite specificity. The basis for this purported fiduciary duty is Plaintiff's alleged joint venture with Altobridge. Intel argues that it could not aid and abet the breach of a fiduciary duty that does not exist. It is unclear from the amended complaint how Intel induced or participated in the breach. Moreover, it is unclear how Intel is alleged to have "affirmatively assist[ed], help[ed] conceal or fail[ed] to act when required to do so, thereby enabling the breach to occur." *Kaufman v. Cohen*, 307 A.D.2d 113, 760 N.Y.S.2d 157, 170 (1st Dep't 2003). Intel's Motion to Dismiss is thus granted with respect to aiding and abetting the breach of fiduciary duty.

## II. Fraud

"Under New York law, to state a claim for fraud a plaintiff must demonstrate: (1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Wynn v. AC Rochester*, 273 F.3d 153, 156 (2d Cir. 2001) (citing *Lama Holding Co. v. Smith Barney, Inc.*, 88 N.Y.2d 413, 421, 646 N.Y.S.2d 76, 668 N.E.2d 1370 (1996)).

Claims concerning fraud are subject to a heightened pleading standard pursuant to Rule 9(b), which provides: "In allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). Thus, fraud allegations in a complaint must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the

9

statements were fraudulent." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994); *accord Knoll v. Schectman*, 275 F. App'x. 50, 50–51 (2d Cir. 2008); *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993). Conclusory allegations of fraud will be dismissed under Rule 9(b). *See Shemtob v. Shearson, Hammill & Co.*, 448 F.2d 442, 444 (2d Cir. 1971). Moreover, "[w]here multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Di Vittorio v. Equidyne Extractive Indus.*, 822 F.2d 1242, 1247 (2d Cir. 1987); *see Icebox–Scoops v. Finanz St. Honore, B. V.*, 676 F.Supp.2d 100, 110 (E.D.N.Y. 2009) ("Rule 9(b) applies to all common law fraud claims, including claims under state law.").

Intel argues that Plaintiff's Amended Complaint nowhere identifies *any communication at all* between Intel and Plaintiff, much less a misrepresentation that it made to Plaintiff. The closest Plaintiff comes to identifying an Intel representation is a statement not by Intel but by *Altobridge*: "the CEO of Altobridge . . . stated that Intel . . . had approved the Nyx venture." (Am. Compl. ¶¶ 20, 76–78.) The Amended Complaint does not (i) specify any Intel statement, only a purported Altobridge statement; (ii) it does not specify any Intel speaker, only an Altobridge speaker; (iii) it does not specify when any Intel statement was made, only when a purported Altobridge statement was made; and (iv) since it does not identify any Intel statement, it cannot explain how such an (unplead) statement could be fraudulent. *See Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004). This failure alone warrants dismissal. *See, e.g., Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009) (failure to identify misrepresentation is fatal to claim on motion to dismiss); *see Lama Holding Co. v. Smith Barney, Inc.*, 88 N.Y.2d 413, 421–22, 668 N.E.2d 1370 (1996).

Plaintiff's arguments in its Opposition regarding third party representations do not salvage the Amended Complaint's inadequacies. Plaintiff *must* plead facts demonstrating both (i) reliance on the third party representation, *and* (ii) "that defendant intended that the misrepresentation would be relayed to the plaintiff." *Evercrete Corp. v. H-Cap Ltd.*, 429 F. Supp. 2d 612, 628 (S.D.N.Y. 2006). Plaintiff nowhere alleges in the Amended Complaint that Intel intended that any of the statements it made to the Altobridge Defendants be communicated to Plaintiff.

Plaintiff's Opposition concedes that its claim for fraud seeks to recover only the pre-closing legal and advisory costs it expressly disclaimed. Opp. Br. at 43–44 (citing Am. Compl. ¶¶ 92–93). Fraud claims only permit recovery for "loss sustained *as the direct result of the wrong.*" *Starr Found. v. Am. Int'l Grp., Inc.*, 76 A.D.3d 25, 27, 901 N.Y.S.2d 246, 249 (1st Dep't 2010) (quoting *Lama Holding Co. v. Smith Barney, Inc.*, 88 N.Y.2d 413, 421, 668 N.E.2d 1370 (1996) (emphasis added)). Plaintiff never expected any recovery of its pre-deal costs. Plaintiff fails to identify any damages it suffered *because of the purported representation*. Plaintiff cannot identify any damages it lost *as a result of the alleged fraud*. This failure separately warrants dismissal of Plaintiff's fraud claim. *See, e.g., Marcus v. AT & T Corp.*, 938 F. Supp. 1158, 1172 (S.D.N.Y. 1996) *aff'd sub nom. Marcus v. AT&T Corp.*, 138 F.3d 46 (2d Cir. 1998) (dismissing fraud claim where plaintiffs paid costs they were obligated to pay and thus "suffered no legally cognizable damages"). Accordingly, Plaintiff's fraud claim is dismissed.

**III. Tortious interference with Business Opportunity**

To prevail on a claim for tortious interference with business relations, Plaintiff must establish that (1) it had a business relationship with a third party, (2) Intel knew of that relationship and intentionally interfered with it, (3) Intel's conduct amounted to "wrongful

11

means," and (4) the interference caused injury to the business relationship. *See Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 547 F.3d 115, 132 (2d Cir. 2008). Plaintiff must also show that it "would have entered into an economic relationship but for the defendant's wrongful conduct." *Knight-McConnell v. Cummins*, No. 03 Civ. 5035(NRB), 2004 WL 1713824, at *4 (S.D.N.Y. July 29, 2004). In evaluating a claim for tortious interference, the relevant wrongful conduct is directed at the third party with whom the plaintiff has or seeks to have a relationship, not wrongful conduct directed at the plaintiff. *Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 192, 785 N.Y.S.2d 359, 818 N.E.2d 1100 (2004). In order to satisfy the "wrongful purpose" requirement, "the defendant's conduct must amount to a crime or an independent tort" or defendant's conduct must have been "for the sole purpose of inflicting intentional harm on plaintiffs." *Valley Lane Indus. Co. v. Victoria's Secret Direct Brand Mgmt., L.L.C.*, 455 Fed.Appx. 102, 106 (2d Cir. 2012) (citations omitted).

      The Amended Complaint complains only that Intel pressured the Altobridge Defendants to not pursue a final deal with Plaintiff. Plaintiff alleges that "Intel acted by using dishonest, unfair and improper means" and did so "maliciously and solely for the purpose of harming plaintiff" in pleading tortious interference. Plaintiff does not—because it cannot—complain of any crime or tort carried out by Intel against the Altobridge Defendants. *See, e.g., Steiner Sports Mktg., Inc. v. Weinreb*, 88 A.D.3d 482, 483, 930 N.Y.S.2d 186 (1st Dep't 2011) (dismissing counterclaims where "the allegation that plaintiff's chief executive officer requested and convinced The Nelson Group to rescind the offer d[id] not constitute the kind of wrongful or culpable conduct required to state a claim for tortious interference with prospective economic relationships."). Nor can Plaintiff plausibly claim that Intel acted *solely* with the intent to harm Plaintiff. *Silver v. Kuehbeck*, 217 Fed. Appx. 18, 21 (2d Cir. 2007) (emphasis in original).

Plaintiff identifies the fact that Altobridge explained that Intel became concerned that any grant of exclusive IP licensing to existing and future Altobridge technology would undermine Altobridge's "exit value." (Am. Compl. ¶ 142.). Any allegation that Intel acted to protect its own economic interest dispels any assertion that Intel acted with malice or for the sole purpose of harming Plaintiff. "Under New York law, actions taken to protect an economic interest are justified and cannot give rise to a tortious interference with a contract claim." *In re Bernard L. Madoff Investment Securities LLC,* 440 B.R. 282, 294 (Bankr. S.D.N.Y. 2010); *see Quinn v. Jacobs,* No. 12 Civ. 2423, 2012 WL 3000673, at *2 (S.D.N.Y. July 16, 2012) ("As a defense to that claim, plaintiff/counter-claim-defendant here may assert the 'economic interest' defense— *i.e.,* 'that it acted to protect its own legal or financial stake in the breaching party's business.'" (quoting *White Plaints Coat & Apron Co. v. Cintas Corp.,* 8 N.Y.3d 422, 426, 835 N.Y.S.2d 530, 532 (2007))); *Metro–Goldwyn–Mayer Studios Inc. v. Canal Distribution S.A.S.,* No. 07 Civ. 2918, 2010 WL 537583, at *8 (S.D.N.Y. Feb. 9, 2010) (dismissing tortious interference claim because amended complaint failed to suggest that defendants acted with any motivation beyond own economic interest and made no showing of malice or illegality). Therefore, Plaintiff's tortious inference with a business relation claim must fail.

In conclusion, Intel's motion to dismiss is granted while Altobridge's motion to dismiss is denied. The Clerk of Court is direct to close Docket Nos. 13 and 19.

Dated: New York, New York
August 16, 2013

SO ORDERED.

_____
Andrew L. Carter, Jr.
United States District Judge

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALTO LENDING, LLC,                                    Case No.: 12-CV-07391
                                                       (ALC)(DCF)
                        Plaintiff,

        -against-

ALTOBRIDGE LIMITED, ALTOBRIDGE
CORPORATION and INTEL CORPORATION,

                        Defendants.

---

### NOTICE OF APPEAL

---

Attorneys for Plaintiff
YUEN ROCCANOVA SELTZER & SVERD P.C.
11 Hanover Square, 13th Floor
New York, NY 10005
(212) 608-1178

---

To:                                                   Service of a copy of the within
                                                      is hereby admitted.
Signature
                                                      Dated:_____ , ____

_____
Steven Seltzer, Esq.

PLEASE TAKE NOTICE:
  ( ) NOTICE OF ENTRY
    that the within is a (certified) true copy of a
    duly entered in the office of the clerk of the within named court on          20__

  ( ) NOTICE OF SETTLEMENT
    that an order                                of which the within is a true copy
    will be presented for settlement to          one of the judges of the
    within named Court, at
    on          20__      at       AM.

    Dated:                         Yours, etc.

              YUEN ROCCANOVA SELTZER & SVERD P.C.