# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Adam H. Offenhartz
Direct: +1 212.351.3808
Fax: +1 212.351.5272
AOffenhartz@gibsondunn.com

September 16, 2013

VIA EMAIL: ALCarterNYSDChambers@nysd.uscourts.gov

The Honorable Andrew L. Carter, Jr.
United States District Judge
Daniel Patrick Moynihan United States Court House
500 Pearl Street, Room 725
New York, New York 10009

Re:   *Alto Lending LLC v. Altobridge Corporation, Altobridge Limited, and Intel Corporation*, No 12-cv-7391 (ALC)(DCF)

Dear Judge Carter:

This firm represents Intel Corporation ("Intel") in the action brought by Plaintiff Alto Lending LLC against Intel and co-defendants Altobridge Corporation and Altobridge Limited (together, the "Altobridge Defendants"). We write in connection with Plaintiff's motion for reargument or reconsideration of this Court's August 16, 2013 Order (the "Order") which, among other things, granted Intel's motion to dismiss the claims against it in its entirety. In light of Your Honor's Individual Practices instructing that there be no opposition to motions for reargument absent court directive, Intel writes to request guidance on whether the Court would like additional briefing from Intel on two points and related issues not addressed by the remaining parties' recent submissions.

Plaintiff's motion for reconsideration of the Order with respect to the Court's reasoned dismissal of the claims against Intel should be denied. In addition to the many grounds already briefed by the Altobridge Defendants, many of which are equally applicable to Intel, Plaintiff's motion ignores an inescapable fact – the Court has already ruled that Plaintiff's pleading fails to state a claim on substantive grounds and should be dismissed.

Assuming arguendo that the Court were to grant Plaintiff's motion to reconsider (Intel contends there would be no basis for such a ruling), the very same result would ensue – a dismissal of the claims against Intel. Intel would promptly answer and begin the process of filing a motion for judgment on the pleadings. In turn, this would lead, again, to a dismissal of the claims against Intel. After all, the Court has already found the pleading that would be at issue on such a motion for judgment on the pleadings, the Amended Complaint, to be deficient on numerous grounds with respect to Intel. Also, and importantly, the same

# GIBSON DUNN

Hon. Andrew L. Carter, Jr.
September 16, 2013
Page 2

standards apply to a motion for judgment on the pleadings as to a motion to dismiss.[1] Thus, the ultimate result of granting Plaintiff's motion for reconsideration would be the same as the current posture – Intel dismissed from the action, though after additional letters, hearings and briefing, all creating an unnecessary burden on judicial resources.

Furthermore, the dismissal of claims against Intel should be with prejudice. Plaintiff has had multiple opportunities to file and amend its claims against Intel. It has succeeded only in demonstrating that it cannot do so. For example:

- July 2012 – Plaintiff files its complaint in state court.

- November 2012 – Defendants filed two separate letter briefs, each providing the varied grounds for their respective motions to dismiss. Plaintiff was thus given the benefit of Defendants' insights and authority regarding the inadequacies of Plaintiff's complaint. Plaintiffs were afforded yet another opportunity to amend, which it declined.

- December 2012 – At the pre-motion conference before this Court, Plaintiff was again provided with insight from Defendants, and, more importantly, from the Court as to the inadequacies of its complaint. This time, Plaintiff opted to amend.

- On August 16, 2013, the Court issued its reasoned decision granting Intel's motion to dismiss on the grounds that Plaintiff had failed to state a claim.

In sum, Plaintiff received extensive feedback on the inadequacies of its complaint by the Altobridge Defendants, by Intel, and, most importantly, by the Court. Despite the unquestionable benefits thus bestowed upon Plaintiff, Plaintiff was still unable to craft an amended complaint capable of surviving a motion to dismiss by Intel. This reality has not changed. Consequently, the claims already dismissed against Intel should be dismissed with prejudice. This Court can and should affirm as much.[2]

Intel respectfully requests that this Court deny Plaintiff's motion for reargument or reconsideration and affirm that its Order dismissed all claims against Intel with prejudice. Again, Intel stands ready to provide briefing on these and related issues if the Court would find that useful.

---

[1] *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006) (standards for Rule 12(b)(6) and Rule 12(c) motions are identical).

[2] *See also Vassel v. Greystone Bank*, 2013 WL 2395980 (E.D.N.Y. May 31, 2013) (dismissing amended complaint with prejudice where plaintiff was given the benefit of pre-motion letter briefing and court conference and still failed to file an actionable claim); *Payne v. Malemathew*, 2011 WL 3043920, at *5 (S.D.N.Y. July 22, 2011) ("That Plaintiff was provided notice of his pleading deficiencies and the opportunity to cure them is sufficient ground to deny leave to amend sua sponte." ).

GIBSON DUNN

Hon. Andrew L. Carter, Jr.
September 16, 2013
Page 3


Respectfully submitted,

*/s/ Adam H. Offenhartz*

Adam H. Offenhartz

cc: Steven Seltzer, Esq.
    Counsel for Plaintiff Alto Lending LLC (via email)

   Andrew T. Solomon, Esq.
   Natalie S. Lederman, Esq.
   Counsel for Defendants Altobridge Corporation and Altobridge Limited (via email)

101589019.1