UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ALTO LENDING, LLC,

                               Plaintiff,

            -against-                        1:12-cv-07391-ALC-DCF

ALTOBRIDGE LIMITED, ALTOBRIDGE    ORDER
CORPORATION and INTEL
CORPORATION,

                            Defendants.

------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

       Plaintiff Alto Lending, LLC ("Alto") is suing Defendants Altobridge Limited, its wholly owned subsidiary Altobridge Corporation (collectively "Altobridge"), and Intel Corporation ("Intel") for the premature termination of a proposed joint venture among the parties. Altobridge and Intel moved to dismiss Alto's suit. This Court declined to address the substantive arguments in Altobridge's motion because its submission did not conform to the Local Rules, but granted Intel's motion. Both Alto and Altobridge have moved the Court to reconsider its ruling. For the reasons set forth below, Altobridge's Motion for Reconsideration (Docket No. 34) is GRANTED, and Alto's First Motion for Reconsideration (Docket No. 37) is DENIED.

       Both parties' motions for reconsideration, filed pursuant to Local Civil Rule 6.3, concern this Court's discretion to deny a motion for failure to comply with the Local Rules. *See Tota v. Bentley*, 379 F. App'x 31, 33 (2d Cir. 2010) (noting that a district court's interpretation and application of its own rule is given considerable deference by an appellate court). Rule 6.3 is "narrowly construed and strictly applied . . . to avoid *repetitive* arguments on issues that have been

1

considered fully by the Court." *Word v. Croce*, No. 00 Civ. 6496, 2001 WL 755394, at *3 (S.D.N.Y. July 5, 2001) (citing *Dellefave v. Access Temps., Inc.*, No. 99 Civ. 6098, 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001)) (emphasis added); *see* S.D.N.Y. Local Civ. R. 6.3 (directing counsel to bring to the Court's attention those cases that the Court may have overlooked in its decision). A motion for reconsideration under Local Civil Rule 6.3 is ordinarily granted only when the moving party has shown that the Court overlooked controlling law or facts that were put before it, which, if considered, would have altered the disposition of the underlying motion. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Nevertheless, the decision to grant or deny a motion for reconsideration is a matter of discretion—the Court's objective is the administration of justice. *See Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 131-32 (2d Cir. 1999) (setting forth abuse of discretion as the standard of review for appeals from orders granting or denying motions to reconsider).

In the interests of efficiency and the administration of justice, this Court will overlook Altobridge's failure to comply with the Local Rules and substantively address Altobridge's motion to dismiss. Without a substantive ruling, Altobridge will likely recast its motion as a Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings. The briefing that will follow will unnecessarily increase litigation costs for the parties and delay the resolution of this case. Therefore, to avoid inefficiency and waste, the Court will consider the substance of Altobridge's motion to dismiss. In light of this Court's decision to substantively rule on Altobridge's motion, Alto's motion to reconsider this Court's ruling on the grounds that Intel similarly failed to comply with the Local Rules in its submissions is moot.

For the foregoing reasons, Defendant Altobridge's Motion for Reconsideration is GRANTED (Docket No. 34), while Plaintiff Alto's First Motion for Reconsideration (Docket No.

2

37) is DENIED.

**SO ORDERED.**

Dated: 9-23-13

New York, New York

ANDREW L. CARTER, JR.
United States District Judge