USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 5-8-18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ALTO LENDING, LLC,

                               Plaintiff,

         -against-                           1:12-cv-07391-ALC-DCF

ALTOBRIDGE LIMITED and               **MEMORANDUM & ORDER**
ALTOBRIDGE CORPORATION,

                              Defendants.

------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

Before the Court are Plaintiff's objections to the January 19, 2018 Report and Recommendation ("R & R") issued by the Honorable Debra Freeman, Magistrate Judge. Judge Freeman's R & R recommends awarding Plaintiff damages in the total amount of $902,277.23 for breach of the parties' implied joint venture agreement. For the reasons set forth below, the Court adopts the R & R and grants Plaintiff's proposed relief.

## BACKGROUND

The Court assumes familiarity with the background and procedural history as set forth in the R & R and briefly recounts facts relevant to the present objection.

Plaintiff commenced this action in New York County Supreme Court on July 25, 2012, alleging breach of a joint venture agreement and breach of fiduciary duty; an accounting; fraudulent misrepresentation; quantum meruit; unjust enrichment; promissory estoppel/detrimental reliance; and tortious interference with business opportunity. ECF No. 1-1. On October 2, 2012, Defendants removed the case to this Court. ECF No. 1. Plaintiff filed an amended complaint on January 18, 2013. ECF No. 11 ("Am. Compl"). Essentially, Plaintiff

1

contends that Defendants reneged on an agreement to form a mutually beneficial joint venture, costing Plaintiff substantial time, money, and expertise over a period of approximately 11 months. *Id.* ¶ 1. Of particular relevance here, Plaintiff incurred fees while paying an attorney to prepare an intellectual property licensing agreement that formed part of the subject joint venture. *Id.* ¶ 16; *see also* Declaration of Steven Seltzer in Support of Responses and Objections to January 19, 2018 R & R ¶ 4 (ECF No. 93) ("Seltzer Decl.").

On May 24, 2016, following defense counsel's withdrawal and Defendants' failure to obtain new counsel, this Court issued a default judgment against Defendants on Plaintiff's breach of a joint venture, breach of fiduciary duty, negligent misrepresentation, quantum meruit, and unjust enrichment claims. ECF No. 73.[1]

On May 25, 2016, the Court referred this case to a Magistrate Judge for a damages inquest. ECF No. 74. On January 19, 2018, Magistrate Judge Debra Freeman issued a R & R recommending that Plaintiff be awarded damages in the total amount of $902,277.23 for breach of the parties' implied joint venture agreement. ECF No. 90 ("R & R").

Judge Freeman declined to award requested damages for some attorneys' fees allegedly incurred in connection with the joint venture. *Id.* at 15-16. Plaintiff had sought recovery for amounts billed to its attorney on four invoices, dated March 23, 2011, January 10, 2012, February 10, 2012, and September 20, 2011. *Id.* However, Plaintiff only produced invoices for the first three billing periods. *Id.* at 16. Plaintiff contended that the September 20, 2011 invoice reflected $18,304.58 in legal fees related to a licensing agreement prepared for the joint venture. *Id.* Judge Freeman recommended that the amount of that invoice "be excluded from Plaintiff's

---

[1] Plaintiff appears to have dropped its claim for an accounting. *See* ECF No. 90 at 5 n.4. The Court previously granted Defendants' motion to dismiss Plaintiff's claims for fraudulent misrepresentation, promissory estoppel, and specific performance. ECF No. 55.

2

damages award, unless Plaintiff submits the invoice to the Court in a timely filed objection to the Report and Recommendation, and it is evident that work reflected on the invoice related to the joint venture." *Id.*

Plaintiff filed its objection to the R & R on February 16, 2018. ECF No. 93. Plaintiff included the September 20, 2011 invoice for $18,304.58 (ECF No. 93-2) and an explanation of the invoice's relevance to the subject joint venture. *Id.* To date, Defendants have filed no objections.

## STANDARD OF REVIEW

When a district court evaluates a magistrate judge's R & R, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A party may object to the R & R within fourteen days. *Id.* The judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; *accord Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169-79 (S.D.N.Y. 2003). With respect to any portions of the R & R to which no objections are made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds*, 262 F. Supp. 2d at 169 (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

## DISCUSSION

Here, Plaintiff filed a timely[2] objection to the R & R and submitted the September 20, 2011 invoice along with a declaration from Steven Seltzer explaining how the invoice relates to the subject joint venture agreement. The Court has conducted a *de novo* review of the portions of the record to which Plaintiff objected, and has examined the September 20, 2011 invoice and

---
[2] Since Plaintiff timely filed a motion for an extension of time, Plaintiff's objection to the R & R is considered timely. *See* ECF No. 92.

the Seltzer declaration. The Court holds that the September 20, 2011 invoice evinces costs relevant to the subject joint venture. Accordingly, the Court grants Plaintiff's request to increase its award by $18,304.58, to a total of $920,581.81.

The Court has reviewed the full R & R and finds that there is no clear error.

Accordingly, the Court adopts Magistrate Judge Freeman's R & R and grants Plaintiff's request to increase the total damages award to $920,581.81.

The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

**Dated:**     **May 2, 2018**
              **New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**